SWEET v. JEFFRIES, *Appellant.*

1. **Statute of Limitations:** NEW PARTIES: SUBROGATION. The administrator of a deceased sheriff having sued upon a note given to his intestate for the purchase money of land sold by him under a decree of court, the sureties of the deceased, who had been compelled to pay to the parties entitled the amount for which the land sold, claiming the right to be subrogated in place of the administrator, caused themselves to be substituted as plaintiffs in the action more than ten years after the maturity of the note. *Held.* that as they virtually commenced a new action—one in equity, instead of the action at law upon the note—they were barred by the statute of limitations, although the action, as originally brought, was not barred.

2. **Trustee:** CESTUI QUE TRUST: TRUSTEE'S SURETIES. Although a trustee has no right to settle a debt due to him as trustee by merely canceling one due from himself in his individual capacity to the debtor, yet if the *cestui que trust* adopts the settlement and compels the sureties of the trustee to make good the amount to him, they cannot afterward recover it of the original debtor.

3. **Case Adjudged.** A sheriff sold land under a decree for partition and received a note for the purchase money. Becoming indebted to the purchaser, he agreed that his debt should be set off against the note, and accordingly executed a deed for the land without collecting the note. The parties entitled to the proceeds of the partition sale sued him and his sureties, alleging that the note had been paid. There was a recovery in this action and the sureties paid the judgment. In an action by them against the maker of the note;

*Held,* that the settlement made by the sheriff, though originally unauthorized, had been adopted by the parties in interest and had thereby become binding upon the sureties.

*Appeal from Cole Circuit Court.*—Hon. Theron M. Rice, Judge.

*Henry Flanagan* and *T. W. B. Crews* for appellants.

1. The liability of the defendant is not to be determined by the time the original petition was filed; nor by the date of payment by the plaintiffs Maupin, Breckinridge and Whitson, of the Burke judgment, but by the note, and the time when these plaintiffs first appear in the action. As more than ten years had elapsed before they became parties, they are barred by statute. Allowing the original plaintiff to amend by making new plaintiffs, does not prevent the running of the statute as to the latter. *Lagow v. Neilson,* 10 Ind. 182; *Dudley v. Price,* 10 B. Mon. 84; *Roe v. Doe,* 30 Geo. 873; *United States v. Innerarity,* 19 Wall. 595; *Miller v. McIntyre,* 1 McLean 83. The action is not the same as originally commenced. Its character is changed and the defense also. To say that the petition of the new plaintiffs relates back to the commencement of the action by Sweet is to abrogate the statute of limitations. *Lagow v. Neilson, supra; Roe v. Doe, supra; United States v. Innerarity, supra.*

2. Does the petition state a case for subrogation? Subrogation is the substitution of another person in the place of a creditor, to whose rights he succeeds in relation to the debt. But it is only in cases where the person advancing the money to pay the debt of a third party, stands in the situation of a surety to him, or is compelled to pay it to protect his own rights that a court of equity substitutes him in the place of the creditor, as a matter of course, without any agreement to that effect. The plaintiffs were not the sureties of defendant. There was no privity between them. *Hayes v. Ward,* 4 John. Ch. 130;

*Sandford v. McLean,* 3 Paige 117; *Lewis v. Palmer,* 28 N. Y. 271. The party secondarily liable has a right to call upon the party primarily bound to be reimbursed for the outlay he is compelled to make in discharging the obligation; but as between the parties there must be a primary and secondary liability. *Conway v. Strong,* 24 Miss. 665. The judgment paid by the plaintiffs was a debt against Jones, and by that payment they became his creditors to the extent of the judgment. The payment gave them no right of action against the defendants; but, on the contrary, it was a recognition of the fact that defendants had paid the note, as the judgment itself was based upon such payment to the sheriff, and his failure to account for the proceeds to the parties entitled thereto. The judgment could not have been pronounced without proof of payment of the notes by defendants. The payment of the judgment gave Maupin, Breckinridge and Whitson a right of action against their principal, the sheriff, and nothing more. *Morrison v. Marvin,* 6 Ala. 797; *Armstrong's Appeal,* 5 Watts & S. 352; *McMee v. Amonett,* 6 La. Ann. 20; *Hodgsen v. Shaw,* 3 Mylne & Keene, 183; *Smith v. Harrison,* 33 Ala. 706.

3. The plaintiffs cannot object to the mode of payment of the note by Mr. Jeffries to the sheriff. While the latter had no right to settle an individual debt with trust funds, yet as the beneficiaries, the only parties who could object, recognized and ratified the payment by bringing suit against the sheriff's sureties, on the ground that the note had been paid to the sheriff in his lifetime, the payment becomes good and the liability of Mr. Jeffries extinguished.

*Lay & Belch* for respondents.

1. The plea of limitation cannot avail in this action. There is but one cause of action, and this is on the note, and it is conceded that the original suit was brought in

time. When Maupin and Breckenridge became parties plaintiff, it was not a new suit or cause of action. When they paid the judgment, which was after the commencement of the original suit, they were interested in the subject matter of the action, and were properly made parties plaintiff. 2 Wag. Stat. p. 1000, § 4; *Sweet v. Jeffries*, 48 Mo. 279. If there had been, after the commencement of the original suit, an assignment of the note sued on to Maupin and Breckinridge, they would have been properly substituted as plaintiffs for the prosecution of the original cause of action on the note, and there can be no pretense that the statute of limitation could have been pleaded against them in such a case. They stand in precisely the same position now, for while there was no assignment of the note, yet after the commencement of the suit, by operation of law, the beneficial interest in the original cause of action passed to them, and they became entitled to be substituted as plaintiffs and to recover, not on a new cause of action, but on the original cause of action sued on. But if this were not so, the cause of action did not accrue until they paid the judgment, and still there is no bar, either under the five or ten year plea. 48 Mo. 279, *Sweet, Admr. v. Jeffries; Buell v. Transfer Co.*, 45 Mo. 562.

2. The proceedings and judgment in the case of *Young's heirs v. Maupin et al.*, is no bar to this action. They cannot be pleaded as *res judicata*, for there is no identity in either the cause of action nor of the parties. The question as to the payment or non-payment of the note sued on, was not an essential one in the suit on the sheriff's bond. Nor is this judgment any bar on the ground of estoppel, by reason of privity between Young's heirs, or otherwise.

3. There was no payment of the note sued on. The evidence of the defendant Jeffries himself shows that there was no final settlement or agreement as to the payment of the note, between him and Jones. But even if there had been, Jones, as sheriff of the county, had no power or authority to make any such agreement or settle-

ment. *Ranney v. Brooks*, 20 Mo. 105; *Renshaw v. Wills*, 38 Mo. 201.

4. The petition states a good cause of action. *Sweet v. Jeffries*, 48 Mo. 279; *Fox v. Alexander*, 1 Ired. Ch. 340; *Tatum v. Tatum*, Ib. 113; *Arnold v. Hicks*, 3 Ired. Ch. 17; *Kennedy v. Pickens*, Ib. 147.

NAPTON, J.—This suit was originally brought by Sweet, administrator of R. R. Jones, sheriff of Franklin county, upon a note given by Jeffries to Jones in consideration of land sold by him as sheriff, to Jeffries, under a decree of partition. This suit was brought in 1867, upon the note made in 1857, and due in twelve months after date. In April, 1869, more than ten years after the maturity of the note, Maupin, Breckinridge and Whitson, who were securities on Jones' bond as sheriff, were allowed to be made parties plaintiff, upon the ground that in a suit brought by the *cestue que trust* of Jones against them, they were compelled to pay the amount of the note, Jones being dead and his estate insolvent. This suit and its result were in evidence in this case, from which it appeared that the defendants in it denied that their principal had collected the money, and upon this issue being found against them, judgment was given for the *cestue que trust*, and they had the money to pay. It seems that Jeffries was clerk and R. R. Jones sheriff of Franklin county, and that when Jeffries' note became due, Jones was largely indebted to Jeffries for fees collected by him, and he therefore made Jeffries a deed for the land sold, and agreed to hand over the note when they had final settlement. Jones died before such final settlement, and his estate being insolvent, the plaintiffs in this case, his securities, had to pay the note and asked to be subrogated to the place of the original plaintiff, Jones' administrator, which was allowed. The defendant pleaded the statute of limitations, and also the payment to Jones.

We have been unable to conjecture upon what grounds

the plea of the statute was overruled. The substituted plaintiffs virtually commenced a new action —one in equity, instead of the action at law by Sweet upon the note, and the bar was complete, before the substitution was allowed.

**1. STATUTE OF LIMITATIONS: new parties: subrogation.**

Apart from this defense, the judgment in the suit against the sheriff and his securities constituted a complete bar to this action. The defendants in that case pleaded that Jones, their principal, had not collected the money, and issue was taken on that plea and found against them. The judgment, in truth, could have been based on no other grounds. For if Jones had never collected the note, the recourse of the *cestue que trust* was obvious, as there was no pretense that Jeffries was not perfectly solvent and the note had never been handed over to him. Although Jones had no right, as trustee, to make such an arrangement with Jeffries, the *cestue que trust* sanctioned it, and proceeded on the hypothesis that he had received the money, and established their claim on that basis. What claim then did the sureties of Jones have against Jeffries to recover the money which he had already paid to or settled with Jones? When this case was before this court in 1871, the facts now appearing in the record seem not to have been before the court. It is clear that the plaintiffs, apart from the bar of the statute of limitations, have no equitable claim against the defendant, The judgment of the circuit court is therefore reversed.

**2. TRUSTEE: cestui que trust: trustee's sureties.**

REVERSED.