RAILWAY COMPANY *v.* SHELTON.

Opinion delivered March 18, 1893.

1. *Limitation—Commencement of action.*

 Within the intent of the statute of limitations, a suit is commenced as soon as the complaint is filed and summons issued, regardless of service of the summons.

2. *Practice in Supreme Court—Review of evidence.*

 Under rule 13 of the court which requires that where a defect of proof is the ground of exception, " all the evidence offered, in anywise connected with such supposed defect, shall be set out in the bill of exceptions," the sufficiency of the evidence to support the verdict will not be considered where the bill of exceptions purports to set forth only the " substance " of the evidence.

Appeal from Miller Circuit Court.

RUFUS D. HEARN, Judge.

Action by James Shelton against the St. Louis, Arkansas & Texas Railway Company. The facts are stated in the opinion.

*Bunn & Gaughan* and *Sam H. West* for appellant.

1. The suit was barred. The issuance of the alias summons was the beginning of a new suit.

2. The only proof for plaintiff was that the stock was found dead on the dump of the railway. This is not sufficient to raise the presumption that it was killed by the railway company. 20 S. W. Rep. 413.

*E. F. Friedell* for appellee.

1. The commencement of the suit was the filing of the original complaint and the issuance of the summons thereon. Mansf. Dig. sec. 4967 ; 27 Ark. 344 ; 47 *id*. 121.

2. There is proof to sustain the verdict. 45 Ark. 41.

COCKRILL, C. J. Shelton sued the railway before a justice of the peace to recover the value of two cows which he alleged were killed by the company's moving cars. He filed a complaint, caused a summons to issue, and got judgment by default. The railway sued out a writ of certiorari, and caused the judgment to be quashed upon the ground that the return of service upon the summons was fatally defective. The justice then issued another summons, judgment was again rendered for the plaintiff—first by the justice, and then on appeal to the circuit court. This appeal is from the last mentioned judgment. The only contentions here are that the suit was barred by limitation when the second summons issued, and that the evidence is not legally sufficient to sustain the judgment.

1. As to when suit is begun.

1. The suit was not begun by issuing the alias summons, but by filing the complaint and issuing the summons in the first instance. The first summons was issued within the period of limitation prescribed for such suits. The cause was therefore not barred.

2. Practice under rule 13.

2. The bill of exceptions sets forth merely that the two cows were found together dead on the railroad track. No other circumstance is detailed from which we can draw an inference of the cause of death. It is argued that the case comes within the rule announced in the case of the *Railway Co.* v. *Sageley*, 56 Ark. 549; that there is no proof that the trains of the railway killed the cattle; that there is nothing therefore for the statutory presumption of negligence to rest upon; and that the judgment cannot be sustained.

The answer is that the bill of exceptions purports to set forth only the "substance" of the evidence—the " substance" of all the evidence.

Where a defect of proof is the ground of exception, rule 13 of this court requires that "all the evidence

offered, in any wise connected with such supposed defect, shall be set out in the bill of exceptions."

In the case of *Gulf, etc., Ry.* v. *Washington*, 4 U. S. App. 131, Judge Caldwell in delivering the opinion of the court upon a similar state of record, used the following appropriate language: "The opinion of the jury and of this court might differ widely from that of the parties or the court below as to what was the 'substance' of the witnesses' testimony. The parties and court may, and should, omit from the bill of exceptions all irrelevant and redundant matter, and the testimony of witnesses may be stated in a narrative form when it was delivered in answer to questions; but what is sent up as the evidence in the case must be certified to be *all the evidence* and not the 'substance' of it before this court can be asked to pass on the question of its sufficiency to support the verdict."

The cases of *Ballentine* v. *State*, 48 Ark. 45, and *Thatcher* v. *State*, *ib.* 60, are decisions of this court to the same effect. They are decisive of the question.

Affirm.