## Swift & Company v. Henry A. Foster, Administrator of the Estate of John Mullen, deceased.

1. AMENDMENTS—*Plea of the Statute of Limitations.*—The plaintiff, an administrator, filed a declaration, seeking to recover damages for the death of his intestate, charging that while in the employ of the defendant he was killed through the negligence of an employe who was not a fellow-servant of the deceased. Two years afterward, and nearly three years after the death of his intestate, he filed additional counts alleging that the death was caused by defective machinery; to these counts the defendant pleaded the statute of limitations, to which a demurrer was properly sustained. The death was the cause of action. The various descriptions in the counts of the declarations were but differents modes of telling the same story.

**Memorandum.**—Action to recover damages for the death of plaintiff's intestate. In the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Declaration in case; plea, not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed November 12, 1894.

JOHN A. POST, S. S. PAGE and JOHN B. BRADY, attorneys for appellant.

Appellee's Brief, E. P. Eastman and W. S. Johnson, Attorneys.

One of the main tests laid down by the courts and law writers as to whether an amended count is the statement of a new cause of action, or a restatement of the one contained in the original count, is, whether a recovery, if had on the original count, would bar the cause of action set up in the amended or additional count. C. & A. R. R. Co. v. Henneberry, 42 Ill. App. 128; Fire Ins. Co. v. Fame, 10 Brad. 555; Dickson v. C., B. & Q. R. R. Co., 81 Ill. 215; I. C. R. Co. v. Coff, 64 Ill. 128; C. & N. R. Co. v. Elliott, 34 Ill. App. 589; C. & N. W. Ry. Co. v. Trayes, 17 Brad. 137.

Mr. Justice Gary delivered the opinion of the Court.

March 24, 1892, the appellee filed a declaration seeking, as administrator of John Mullen, to recover damages for the death of the latter, and charging that Mullen, while employed by the appellant, was killed through the negligence of another servant of the appellant, who was not a fellow-servant of Mullen.

Two years afterward, and nearly three years after the death of Mullen, the appellee filed additional counts, charging that the death of Mullen was caused by defects in machinery. To these counts the appellant pleaded that the causes of action did not accrue within two years before the filing of the counts, and the court properly sustained a demurrer to the plea.

The death of Mullen through fault of the appellant, was the cause of action. Various descriptions of the fault, were but different modes of telling the same story. Stearns v. Reidy, 33 Ill. App. 246.

But the argument of the appellee, that if it was error to sustain the demurrer that error was waived by going to trial upon the general issue, and not objecting to the introduction of evidence to support the counts, is only paralleled by the argument which we thought extraordinary in C. & N. W. Ry. v. Kane, 50 Ill. App. 100. The appellant cites C. & N. W. Ry. v. Moranda, 93 Ill. 302, as authority that the appellee should not have been permitted to prove that

the wife and children of the deceased depended upon him for support; but that case is in effect, though not in terms, overruled by the later cases of C. & A. R. R. v. May, 108 Ill. 288, and Pennsylvania Co. v. Keane, 143 Ill. 172.

The death of Mullen was caused by some lumber which was being lowered from the third story of a building, over a door entering the first story, where Mullen worked, slipping from the sling in which it was being lowered and falling upon Mullen, who had just gone out.

It is probably true that the man who put the sling about the lumber did not make it tight enough; for the lumber slipped just as it started to go down.

Whether the deceased was exercising due care for his own safety; whether the man lowering the lumber was his fellow-servant; that he took the risk of his employment, and all other questions usually arising between master and servant, were the subjects of appropriate instructions, many of them much more favorable to the appellant than could have been justified if the verdict had been the other way.

The deceased left a widow and eight children—the youngest an infant in arms. He was fifty years of age and earned ten dollars a week. If the damages were to be measured only by the amount of money which his earnings might have contributed to the support of his family, they are doubtless excessive; but the jury may take into account more than his earnings. Sedgwick on Damages, Sec. 574 *et seq.*

The statute is that "the jury may give such damages as they shall deem a fair and just compensation," etc.

See Hooghkirk v. Del. & Hud. Canal, 63 How. Pr. Rep. 328. The judgment is affirmed.