64   345
81   284

## BUCK v. DAVIS.

### Opinion delivered October 23, 1897.

LACHES—MARRIED WOMAN.—Where an administrator purchases land of the estate at execution sale, takes deed to his wife, goes into possession, and makes valuable improvements, a female heir who has been married since infancy, but who has waited nine years after coming of age before bringing suit to set aside such sale, will be barred by laches. (Page 347.)

STATUTE OF LIMITATIONS—INTERRUPTION BY SUIT.—Where a defendant in a suit in equity to set aside a sale of land made no affirmative assertion of title therein until she procured herself to be made a party plaintiff in the suit, the statute of limitation did not cease to run against her until she was made a plaintiff. (Page 348.)

Appeal from Crittenden Circuit Court in Chancery.

FELIX G. TAYLOR, Judge.

*Jno. B. Jones*, for appellants.

The claim of the appellant, Mrs. E. D. Davis, was already barred by her laches when she commenced her suit in 1883. 146 U. S. 88; 55 Ark. 85. But, even if this were not true, her claim was lost by her failure to prosecute her suit after instituting it. 148 U. S. 370; 10 Bush, 437; 1 Watkins, 149; 2 Dana, 404; 6 Iowa, 258; 4 Ore. 361. The same limitation applies in equity as at law. 58 Ark. 85; Buswell, Lim. & Adverse Poss. § 232. The possession of appellant's testator, after she took a sole deed to the property, was adverse, even if she had previously been a tenant in common with appellees. 3 Met. 91; 53 Ia. 612; 63 Cal. 586; 2 W. & S. 294; *id.* 307.

*J. C. Hawthorne* and *E. F. Adams*, for appellees.

The judgment of the probate court discharging Guerrant as administrator being fraudulent, he could only take title in trust for the estate. 4 Paige, Ch. 64, and note; 41 Am. Dec. 184; 101 N. Y. 321; 2 Ch. 252; 5 Johns. Ch. 534; 63 N. Y. 57; 9 Cow. 320; 46 Ark, 30; 48 Ark. 248; 47 Ark. 470; 1 Sandf. Ch. 214; Bigelow, Estoppel, 435; 9 Paige, Ch. 237, and note; 49 Ark. 242; 9 Paige, Ch. 663; 20 Ark. 547; 22 Wall. 329; 60 N. Y. 402; 11 Paige, Ch. 23. Burden of proof is on administrator to show his discharge and intent to take and hold property for himself. 41 Ark. 264; 4 How. 552; 4 Cow. 717; 4 Gray, 241; 4 How. 239; 3 Johns. Ch. 190. Mrs. Guerrant was a tenant in common with appellants, and there was never any ouster. 87 N. Y. 348; 9 Cow. 242; 52 Ark. 76; 61 Ark. 527; 43 Ark. 504; 56 Ark. 485. The relationship of the parties, and the constant recognition of appellees' title by Mrs. Guerrant, were sufficient excuse for delay in suing. 61 Ark. 527; Bigelow, Estoppel, 387, 550; 66 N. Y. 113; 50 N. Y. 575; 14 Mass. 435; 22 Am. & E. Ry. Cas. 75; 71 Mo. 358; 28 O. St. 568; 7 Johns. Ch. 90. Appellant was not guilty of laches in prosecution of suit after it was begun.

BUNN, C. J. This is a bill to set aside a deed from the sheriff, made in pursuance of an execution sale by him in 1868 of the real estate of B. C. Crump, ancestor of the parties herein, to one O. P. Lyles, an attorney controlling said exe-

cution, and taken for his clients in furtherance of his purchase at such sale.

B. C. Crump died in January, 1871, long after the time for redemption had expired, not having redeemed the lands, although privileged to have done so, by the friendship of Lyles, up to the time of his death, by paying the amount due his clients, which seems to have been about $1,720. J. W. Guerrant, son-in-law of B. C. Crump, soon after his death, took possession of his homestead and other lands in controversy, having taken out letters of administration on his estate. Some time afterwards, as administrator, he made a showing to the probate court that the estate was worth less than three hundred dollars, and asked an order vesting same in the widow, Mrs. M. E. Crump, which was accordingly done, and Guerrant was discharged as administrator. In 1872, Guerrant, for his wife Alice Guerrant, purchased the real estate from Lyles for the consideration of $1,720, which was paid out of his wife's money, as he states, but which plaintiffs claim was out of money belonging to the estate of Crump, and which Guerrant has never accounted for. Lyles and wife gave Mr. Guerrant their deed at the time, but this was not put on record until April, 1875. In the meantime, and afterwards, the Guerrants had put valuable improvements on the land, to the extent of from $1,500 to $6,000,—the witnesses greatly differing, at all events, to a greater extent that a mere tenant in common could be reasonably expected to do.

In the meantime Mrs. Mary E. Crump brought her suit for dower in the circuit court against the Guerrants and the plaintiffs herein as the heirs of Crump. The Guerrants set up the title from Lyles, but finally conceded that the sheriff's sale to Lyles did not bar the widow's dower, and by consent dower was decreed to her. She died sometime afterwards.

Mrs. E. D. Davis, married one Swepston in 1873, when she was 17 years old, and became of age in 1874. Her husband died in 1882, and she instituted this suit on April 1, 1883; but, as the papers in the case were afterwards lost or destroyed, she caused them to be reinstated in 1892, about which time she had married a second time to one Rees Davis, and he was made a party plaintiff with her. The statute of limitations is pleaded

against her, and she is also charged with laches by the defendants. Without going into a discussion such as would be necessary in order to determine the question whether or not she was barred by statute at the time of bringing her suit, a majority of the court are of the opinion that she was guilty of great laches, in view of all the circumstances of the case, and ought not therefore to recover.

As to Mrs. Estelle Sexton: At first she was made a defendant with the Guerrants. She had not then reached her majority, but did so the next year, 1884. When the case was reinstated, in 1892, she asked to be dismissed as a defendant, and to be made a party plaintiff, and this was done. This was more than seven years after she became of age, and she had married after the statute began to run against her, as we infer. The fact that she had been a defendant in the case from the beginning did not protect her from the operation of the statute; for while a defendant she made no affirmative assertion of title against the Guerrants, and she did so only when she was made a party plaintiff with Mrs. Davis in 1892, when the statute bar had attached. The authorities in support of this position are numerous.

Where there is a sole plaintiff and a sole defendant, if the plaintiff amends his complaint, after bringing the suit, by introducing a new cause of action, the statute continues to run until the filing of the amendment. The amendment does not relate back to the bringing of the suit. *Hawley* v. *Simons*, 157 Ill. 218. When a new cause of action is introduced by amendment to the declaration, or by an additional count, the defendant may plead the statute of limitations separately to that part of the declaration. *Fish* v. *Farwell*, 51 Ill. App. 457; same case, 160 Ill. 236. In such case the commencement of the suit, as to the new cause of action, is the filing of the amendment. *Illinois Steel Co.* v. *Eylenfeldt*, 62 Ill. App. 552; *Atchinson Ry. Co.* v. *Schroeder*, 56 Kas. 731; *Wood* v. *Wood*, 59 Ark. 441. In the last case the court said: "The plaintiff cannot deprive a defendant of the benefit of the statute of limitations by engrafting upon a case begun in time another cause of action barred by statute. See also *Sweet* v. *Jeffries*, 67 Mo. 420; *Neddo* v. *Neddo*, 56 Kas. 507; *Flint & P. M. R. Co.* v. *Donovan*

(Mich.), 65 N. W. 583; *E. Tenn. Coal Co.* v. *Broyles*, **95** Tenn. 612; *Bowles* v. *Smith* (Texas), 34 S. W. 381; *Pratt* v. *Montcalm* (Mich.), 63 N. W. 506; *Taylor* v. *Brown* (Texas), 27 S. W. 911; *Swift* v. *Foster*, 55 Ill. App. 280.

We think she is barred. The decree is reversed, and remanded with directions to dismiss the plaintiffs' bill, and to quiet the title of defendants to the land in controversy.

WOOD and RIDDICK, JJ., dissent from so much of the opinion as holds Mrs. Davis barred by laches.