LITTLE ROCK TRACTION & ELECTRIC COMPANY v. MILLER.

Opinion delivered October 8, 1906.

1. LIMITATION—AMENDED COMPLAINT.—Where a complaint in a damage suit asked for damages generally, an amended complaint, subsequently filed, which specifies the items of damage set up in the original complaint, does not constitute a separate cause of action, and is not barred if the original complaint is not. (Page 248.)

2. APPEAL—QUESTION NOT RAISED BELOW.—Objection that a female complainant in a personal damage suit was not entitled to recover for medical expenses caused by her injury can not be raised on appeal if there was nothing in the pleadings or evidence to show that she is a married woman, and the objection was not raised in the court below. (Page 248.)

Appeal from Pulaski Circuit Court; *Edward W. Winfield,* Judge; affirmed.

*Rose, Hemingway, Cantrell & Loughborough,* for appellant.

1.  As to the claim for loss of profit on account of her injuries, and for expenses for medical attention, appellant is barred by the statute of limitations, the amended complaint setting up these claims having been filed more than three years after the accident.   64 Ark. 348.

2.  A cause of action for medical expenses, if any, accrues, not to plaintiff, but to her husband.   46 Kan. 109; 61 Minn. 224; 77 Ga. 756; 65 Conn. 478; 107 Ind. 32; 65 Ark. 627.

3.  There was neither allegation nor proof that plaintiff was engaged in a separate business of her own.   A married woman can not recover for loss of time or earnings where there is no proof that her husband has agreed that she may have such earnings—and the husband only can sue for such damages.   118 N. Y. 308; 17 N. Y. Supp. 812; *Ib.* 112; 29 N. E. 775; 71 Hun, 526: 10 N. W. 849; 82 Am. Dec. 670; 10 N. W. 849.

4.  The verdict is excessive.

*W. L. Terry* and *T. J. Oliphint,* for appellee.

1.  The cause of action stated in the amended complaint was the same wrong charged in the original complaint, and the items were simply elements of damage flowing from the original wrong. 37 Ark. 522.   See Bliss on Code, Pl. § § 1, 113; Pomeroy, Code, Rem. § 454; 48 Ark. 405.   Loss of earnings from diminished capacity need not have been specifically alleged in the complaint. 60 Ark. 484.   The statute of limitations does not run against an amendment which differs from the original complaint only in stating more fully the result of the injuries caused by the defendant. Watson on Dam., Pers. Injuries, § 703.   An amendment which expands the allegations as to the negligence itself is not regarded as stating a new cause of action.   145 U. S. 604; 110 N. Y. 647.

2.  No point was raised in the lower court that appellee was a *feme covert.*   No such objection will be entertained here.   51 Ark. 446; 55 Ark. 174; 8 So. 388.   Moreover there is no proof that appellee was at the time of injury or thereafter a married woman.

3.  Conceding that she is a married woman, still she is authorized to recover for personal injuries in an action in her own name, for expenses and for loss of earnings in any business car-

ried on by her independently of her husband. Kirby's Digest, § § 5213-5220; 54 Ark. 163. On the question of the wife's right to recover for medical expenses, see 10 N. W. 754; 52 N. W. 745; 64 N. W. 934; 34 N. E. 687. On the question of plaintiff's loss of time and earnings in her business by reason of her injuries, there was no denial in the answer; hence it was not proper for plaintiff to submit to the jury questions not in issue or facts not in dispute. 67 Ark. 147; 69 Ark. 497; 78 Ark. 553. See, also, 130 N. Y. 502; 20 N. Y. Supp. 883; 54 N. Y. 343; 67 Ia. 505; 56 Am. Rep. 354; 165 Mass. 100; 138 Mass. 425; 23 S. W. 785; 77 Ga. 192.

4. The verdict is amply sustained by the evidence.

RIDDICK, J. This is an action by Mrs. Mary Miller against the Little Rock Traction & Electric Company to recover judgment for damages on account of injuries sustained by her in alighting from one of the defendant's street cars. The plaintiff alleged that on the 18th day of September, 1901, she boarded a car on defendant's street railway going south; that, desiring to get off at 18th and Main streets, she asked the conductor to stop the car and let her off, which he did, but before plaintiff had time to alight from the car, and without giving her a reasonable time to alight in safety, the agents in charge of the car negligently and recklessly started it with a sudden jerk, and threw her to the ground, causing her great injury. She asked judgment for $5,000.

The defendant filed an answer, denying most of the material allegations in the complaint, and further alleging that, if plaintiff was injured, her injury was due to her own carelessness in attempting to alight while the car was in motion, and not to the negligence of the defendant.

On March the 3, 1905, over three years after filing the original complaint, the defendant filed an amended complaint, in which, after setting out the cause of her injury substantially as stated in her original complaint, she proceeded as follows:

"That, on account of the injuries so inflicted, suffered and sustained, the plaintiff suffered great pain of body and mind, and was confined to her bed for several months, and for a long time was and still is sick, sore, disordered and disabled, and was put to great expense, towit: $350 for medicine, medical attention, care,

nursing and assistance and loss of time and earning, and will be put to great expense hereafter, in trying to obtain relief and cure said injuries, and was hitherto, and still is, and will for a long time, and probably for life, continue to be, subject to great pain, suffering, inconvenience and loss of time and earning and permanently diminished capacity to work or attend to her millinery or dressmaking business which she had, or any business, and is permanently disabled, to her damage $5,000." Wherefore she asked judgment for that amount and other relief.

The material allegations in the amended answer were also denied by defendant, and it further pleaded the statute of limitations.

On the trial the jury returned a verdict in favor of the plaintiff for the sum of $3,000, composed of the following items: For pain and suffering they assessed damages at $1,700, for medical expense $300, and for loss of time and earnings $1,000.

In answer to special interrogatories propounded by the court, the jury found that the car had come to a full stop at the time Mrs. Miller attempted to step from the car, but that the car was started and its speed quickened while she was getting off.

The defendant appealed from the judgment rendered against it, and several grounds for reversal are urged by its counsel.

The first contention is that the different items of damages set out in the amended complaint are barred by the statute of limitations. But we are of the opinion that the specifications of damages set out in the amended complaint did not constitute a separate cause of action from that set out in the original complaint. The cause of action set out in the original complaint is not barred; and as no other cause of action was set out in the amended complaint, the contention that the action is barred can not be sustained.

The next contention is that the plaintiff can not recover for medical expenses caused by her injury, and that a recovery of such damages must be by an action in the name of her husband. But there is nothing in the pleadings or evidence to show that Mrs. Miller is a married woman or has a husband, and this point does not appear to have been made in the trial court. The same thing may be said of the contention that she can not recover damages for loss of time and diminished capacity to work and attend

to her millinery and dressmaking business. These points seem to be raised here for the first time, and can not be entertained. Besides, as before stated, there is nothing in the record to show that plaintiff was a married woman. She testified that she was engaged in the millinery and dressmaking business, that her injury was such that she was now incapable of attending to that business, and that, on account of her injury, she had paid out considerable sums for medicines and for medical attention. We see no reason why she can not recover for such items of damage.

The evidence was, we think, sufficient to support the verdict. When considered in connection with the special findings of fact returned by the jury, we can see no prejudicial error in the instructions or rulings of the trial court. We are therefore of the opinion that the judgment should be affirmed, and it is so ordered.