## EARNEST v. CORONA COAL CO.
### (6 Div. 51.)

(Supreme Court of Alabama. Dec. 18, 1924.)

**1. Mines and minerals ⬤125—Plaintiff held to have burden of showing that defendant's mining was proximate cause of subsidence of land.**

Owner of surface, suing for damages to land, alleged to have been caused by coal mining operations, has burden of proving that defendant mined coal under his land, and that such mining was proximate cause of subsidence of surface, as charged in complaint.

**2. Mines and minerals ⬤122—Subsidence of surface from mining operations, causing well to go dry, actionable without showing mining negligent.**

Owner of surface can recover for injuries caused by his well going dry, proximately caused by subsidence of surface from defendant's mining operations thereunder, without showing such mining to have been negligent.

**3. Mines and minerals ⬤122—No recovery for injuries to surface directly caused by mining without proof of negligence.**

Where injuries to well of owner of surface are caused directly as proximate result of mining operations without the intervention of subsidence of the surface, plaintiff cannot recover without showing that mining was negligently done.

---

**4. Appeal and error ⬤1066—Erroneous instruction that plaintiff could not recover for injuries from any mining, unless done "since August" in year of defendant's corporate organization, held harmless under evidence.**

In action for injuries to surface by mining operations, where defendant corporation was not in existence until August, 1917, an instruction that, if no coal was mined under plaintiff's land "since" August, 1917, they should find for defendant, was not erroneous, though the word "since" as used would ordinarily mean since the last day of August, where there was no evidence of any mining during August, 1917.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Since.]

**5. Mines and minerals ⬤125—In action for damages to surface, evidence held to warrant verdict for defendant.**

In action for injuries to surface by mining operations, evidence *held* to warrant jury finding that defendant did no mining under plaintiff's land, but that conditions were created by its predecessors.

**6. Appeal and error ⬤882(12)—Instructions following language of complaint held sufficiently broad.**

In action for injuries to surface by mining operations, instructions denying defendant's liability if no coal was "mined" by defendant, *held* not objectionable as excluding liability, though defendant had removed pillar supports left by its predecessor, where language of instructions followed language of complaint.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action by J. M. Earnest against the Corona Coal Company for damages to plaintiff's land alleged to have been caused by defendant in mining coal thereunder. From a judgment for defendant, plaintiff appeals. Affirmed.

Curtis, Pennington & Pou, of Jasper, for appellant.

The admission of evidence as to the condition of other wills was error. 10 R. C. L. 944. The trial court erred in charging against a recovery by plaintiff unless the jury believed coal was mined since August, 1917. 7 Words and Phrases, 6519; Jones v. First Nat. Bank, 79 Me. 191, 9 A. 22; Monroe v. Acworth, 41 N. H. 199; In re Rosenfeld, 20 Fed. Cas. 1201; Roland Park Co. v. State, 80 Md. 448, 31 A. 298. It was error to charge that, if the Corona Coal & Iron Company mined the coal, the jury should find for the defendant. L. & N. v. Moerlein Brew. Co., 150 Ala. 399, 43 So. 723.

A. F. Fite, of Jasper, for appellee.

Counsel argue the questions raised, but without citing authorities.

SOMERVILLE, J. [1-3] The burden rested upon the plaintiff to show to the reasonable satisfaction of the jury that the defendant company mined the coal under plaintiff's land, and that defendant's mining of the coal was the proximate cause of the subsidence of the surface, as charged in the complaint. If the subsidence of the surface in turn proximately caused plaintiff's well to go dry, he could recover for that injury also without showing that the mining was negligently done. But if the injury to the well was the proximate result of the mining directly, and without the intervention of subsidence, then there could be no recovery for that injury, unless it was shown that the mining was negligently done. Corona Coal Co. v. Thomas ante, p. 56, 101 So. 673.

For some years prior to August 1, 1919, the corporate predecessor of this defendant, the Corona Coal & Iron Company, had owned the minerals in a large body of lands, including plaintiff's 80 acres, and had operated coal mines in connection therewith; and the evidence shows without substantial dispute that that company had removed the coal from under plaintiff's land (mostly, if not entirely, prior to 1912), and had left no suitable pillars or props for the support of the roof of the mines in some places. It appears also that the defendant corporation was not organized, and hence had no legal existence, until August 1, 1917, at which time it acquired the mineral properties and the mines of its predecessor, and operated them from that time in its own name as owner.

The trial judge instructed the jury that, if the coal under plaintiff's land was mined before August, 1917, the defendant would not be liable in this action. This instruction is not complained of, and we infer from the brief of counsel for appellant that the non-existence and nonliability of the defendant corporation prior to August, 1917, is conceded, and that the instruction to that effect was correct.

[4] But the trial judge also instructed the jury that, "if no coal was mined under plaintiff's land since August, 1917," they should find for defendant. The criticism of this charge is that it is an affirmative charge for defendant as to any mining done by it during the month of August, 1917, because "since August" means, in common understanding, since the last day of August, and excludes August entirely. Ordinarily that is the meaning of "since" in this connection. 7 Words and Phrases, 6519. But, following as it did the other charge above referred to, we think the jury very probably understood it, as the trial judge no doubt intended them to, as meaning since the beginning of August. But, in any event, there was not a scintilla of evidence from which the jury could have found that defendant did any mining under plain-

tiff's land during August, 1917. The nearest approach to it is found in the testimony of plaintiff himself that he heard shooting under a corner of his land about four years prior to the date of his testimony—placing it, therefore, in 1919. Other than that statement, there is nothing in the evidence to show that defendant did anything under plaintiff's land at any time after it came into existence on August 1, 1917.

[5] Plaintiff's witness, Lollar, testified that he worked in these mines, in the entries under plaintiff's land, during the years 1913 and 1914; and, while he said he worked there for the present company, it is clear that he confused the defendant company with its predecessor, there being no visible change in the local management, and only a slight change in the corporate name, when this defendant took the mines over on August 1, 1917. This witness stated that—

"The premises under this land were left supported in places sufficient to hold it up after the coal was removed, and in others they were not. * * * The breaks are caused where they take out too much coal, and do not leave sufficient pillars. * * * In some places where there are supposed to be pillars they didn't put them in, so that they can get more coal."

This testimony shows that the conditions, under which surface subsidence would likely occur, were created by defendant's predecessor, and were in existence prior to August 1, 1917, when defendant took over the mines. We do not see how the jury could have found otherwise than for the defendant on the evidence before them.

If the jury found for defendant on the issue of mining coal under plaintiff's land and causing the subsidence, they of course could not have found for plaintiff as to the injured well, regardless of the evidence as to the extent of the injury. Hence it is clear that the testimony allowed, over plaintiff's objection, that all the wells on this particular hill had been running down and getting low every fall in dry seasons, could not have affected the result, whether admissible or not.

[6] Plaintiff complains of the form of the several instructions which deny defendant's liability if no coal was mined by the defendant corporation; the criticism being that, though it mined no coal, it might still have become liable by reason of removing the pillar supports where they had been left in the mines by its predecessor. The complaint charges only the mining of coal, and if the complaint is broad enough to include the removal of pillars, the instructions, following the language of the complaint, were of course sufficiently broad also. Plaintiff certainly cannot complain of a statement of the issue in the language of the complaint.

In our view of the evidence, the rulings complained of, whether technically erroneous or not, could not have affected the result, and will not suffice for a reversal of the judgment. The judgment will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.