WESTERN COAL & MINING COMPANY *v.* YOUNG.

4-3202

Opinion delivered November 20, 1933.

*J. P. Clayton* and *Pryor & Pryor,* for appellant.
*G. C. Carter* and *Partain & Agee,* for appellee.

HUMPHREYS, J. Appellees sued appellant separately in the circuit court of Franklin County, Ozark District, for damages to the wells on the respective lands on which they resided at Denning, caused by the alleged negligence of appellant during the years 1929 and 1930 in mining and moving the underlying coal so as to cause the surface to crack and drain their wells, thereby depriving them of a water supply.

Defendant filed an answer denying the material allegations of the complaints and pleaded the three years statute of limitations in further defense.

The causes were consolidated for the purposes of trial and submitted to a jury upon the pleadings, testimony, and instructions of the court, which resulted in verdicts for each of the appellees in the sum of $300, upon which judgments were rendered, from which appeals were duly prosecuted to this court.

In the course of the trial, testimony was introduced by appellant tending to show that the mine owned by it was operated under a written lease to Consolidated Sales Company in the years 1929 and 1930. The lease was not recorded or produced in the evidence, and the contents thereof were not shown. The testimony tended to show that, if operated by the lessee during the years mentioned, the operation thereof was under supervision of appellant's employees and that it received the output of the mine.

The undisputed evidence shows that appellees owned the surface covered by their homes, and that appellant owned the minerals thereunder, including the coal, with the right to mine and remove same; and also shows that when the coal was mined by appellant under the lands owned and occupied by appellees, it left pillars of coal at intervals throughout the mine to support the surface. The coal was mined at a depth of about 180 feet. The testimony also shows that appellant or its lessee returned to the mine in the years 1929 and 1930 and pulled the pillars and that a short time thereafter the surface near

the homes of appellees subsided in one place and that two long cracks several inches wide appeared in the surface about 350 yards from their homes on the Mattus land. Cracks also appeared in the surface on two other sides of the property belonging to appellees. The testimony is in conflict as to whether the subsidence and cracks caused the wells in question to go dry.

Appellant contends for a reversal of the judgment because the evidence fails to show any subsidence or cracks in the surface in the immediate vicinity of the lands owned by appellees and that those that did appear were not shown to have any connection with the wells. The fact that all three wells were drained in a short time after the pillars were removed and that the surface subsided in one place and cracked in others on three sides of the properties and that theretofore the wells had furnished an abundance of water are substantial and potential circumstances which would warrant a jury in finding that the destruction of the pillars or supports under the lands damaged the wells. Then, too, if the jury believed the witnesses introduced by appellees to the effect that this was the cause, it certainly cannot be said that the verdicts are without substantial evidence to support them. Testimony to that effect appears in the record from witnesses who had had years of experience in mining coal.

Appellant also contends for a reversal of the judgments because, under the lease from Denning, it had the right to mine and remove the coal without reference to damage it might do to the surface of the lands above. It is true the lease placed no restrictions upon it with reference to damaging the surface in mining and moving the coal thereunder, and it is also true, as suggested by learned counsel for appellant, that there is no statute in this State requiring the owner of coal interests in lands to leave pillars to support the surface; but, notwithstanding, we are of opinion that the only true and sound rule is that "when the surface of land is owned by one person and the minerals beneath are owned by another, the owner of the minerals cannot remove them without

leaving sufficient natural or artificial support to sustain the surface.'' Such was the rule announced in the case of *Western Indiana Coal Co.* v. *Brown*, 36 Ind. App. 44, 74 N. E. 1027, 114 Am. St. Rep. 367. See also *Williams* v. *Hay*, 120 Pa. 485, 14 Atl. 379, 6 Am. St. Rep. 719; *Noonan* v. *Pardee*, 200 Pa. 474, 50 Atl. 255, 55 L. R. A. 410, 86 Am. St. Rep. 722; *West Pratt Coal Co.* v. *Dorman*, 161 Ala. 289, 49 So. 849, 23 L. R. A. (N. S.) 805, 135 Am. St. Rep. 127, 18 Ann. Cas. 750, and cases therein cited; *Kistler* v. *Thompson*, 158 Pa. 139, 27 Atl. 874; *Earnest* v. *Corona Coal Company*, 212 Ala. 303, 102 So. 445; 1 R. C. L. 395.

The court submitted the cases at bar to the jury upon the theory that appellees could not recover unless they showed by a preponderance of the evidence that appellant mined and removed the coal in a careless or negligent manner. The instructions to this effect were more favorable than appellant was entitled to under the absolute support doctrine. However, this was the theory upon which the suits were brought, as shown by the allegations of the complaint, and the court did not err in submitting it upon that theory, as there was ample evidence to justify the jury in finding that the removal of the pillars or supports constituted negligent or careless mining, resulting in the destruction of the wells.

Appellant also contends for a reversal of the judgments because the actions were barred by the three years statute of limitations. This contention was upon the theory that appellant ceased to mine the coal in its mine at Denning in 1924 and that its lessee removed the supports in 1929, and was at the time an independent contractor and responsible for the alleged damage to the wells, if any. The court submitted the issue of whether the lessee was an independent contractor without sufficient evidence to support the instruction. The lease was not produced, and the terms thereof were not shown. It affirmatively appeared that the work was done under the supervision of appellant's employees, and that it (appellant) received the output of the mine during the time the

lessee operated it. The instruction on this issue was more favorable to appellant than it was entitled to.

No error appearing, the judgments are affirmed.