PARIS PURITY COAL COMPANY *v.* PENDERGRASS.

4-4593

Opinion delivered April 19, 1937.

*J. M. Smallwood*, for appellant.

*Evans & Evans* and *Partain & Agee,* for appellee.

MEHAFFY, J.   This action was instituted in the circuit court of Logan county, Arkansas, by Zone Pendergrass against the Paris Purity Coal Company and others on May 14, 1930.   Appellee charged in her complaint that

she was the owner of the surface of the land described in the complaint, and the appellant had carelessly and negligently so mined and removed the coal as to make the surface above the mine break, sink and subside, and had carelessly and negligently failed to properly secure the roof and working places therein, and asked judgment in the sum of $3,000.

The appellant filed answer denying the allegations of the complaint. Thereafter, on January 8, 1935, the appellee asked leave to amend her complaint, to strike from her complaint the words "carelessly and negligently" wherever the words appeared in said complaint. Permission was given to make this amendment to the complaint.

The appellant filed a demurrer to the amended complaint, stating that the complaint on its face shows that it was barred by the statute of limitations, and stated that the amended complaint stated an entirely new cause of action from that stated in the original complaint, and that the amended complaint was filed more than three years after the damage had been ascertained, and after the original complaint had been filed. The demurrer to the amended complaint was overruled, and appellant filed answer. The case was tried and a verdict and judgment rendered for $500. This appeal is prosecuted to reverse said judgment.

The facts as to appellant mining coal and as to the damage done to the surface of the land, are practically undisputed.

It is first contended by the appellant that the court erred in not holding that the amended complaint was barred by the statute of limitations. The amended complaint did not state a new cause of action. The cause of action stated in the original complaint was that the appellant began and continued the operation of removing and mining the coal from under the surface of her said land, and mined and removed said coal from under appellee's land, home and premises so as to make the surface above the mine break and sink, and thereby completely drained, destroyed and ruined appellee's well and

water supply so as to permanently deprive her of such water supply on said premises and cause her home and other dwellings on said premises to sink and to break the floors and walls and flues and chimneys, and to practically ruin and render same unusable and unsafe, and said lands to become so sunk and broken as to render same untillable, and otherwise injuring and damaging appellee's property.

The cause of action stated both in the original complaint, and in the amended complaint was the mining of coal and causing the surface to sink, and whether it was done negligently or not was immaterial. The cause of action was not changed.

"An amendment of a declaration, petition or complaint which sets up no new cause of action or claim, and makes no new demand relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point. This is in substance the language of the statute in some jurisdictions, and the rule applies, although the limitation is by contract and not by statute; and courts have been liberal in allowing amendments expressly to save a case from the statute of limitations when the cause of action is not totally changed." 37 C. J. 1068 *et seq.*

This court has held that the allegation of carelessness and negligence is unnecessary. The court recently said: "There is ample authority to the effect that under such circumstances the landowner may recover damages without proof of negligence, even though negligence is laid in the complaint." *McGeorge* v. *Henry and Jamison, ante,* p. 443, 101 S. W. (2d) 440.

"The pleadings are the written statements, by the parties, of the facts constituting their respective claims and defenses." Crawford & Moses' Digest, § 1183.

The facts constituting the claim in the case at bar, are that the appellant took the coal out from under the surface of appellee's land and caused it to sink and damage the land and dwellings. This was her cause of action. It was not changed by the amendment.

Again our statute provides that where the variance is not material, the court may direct the fact to be found according to the evidence, and may order an immediate amendment. Section 1239 of Crawford & Moses' Digest reads as follows: "The court, may at any time, in furtherance of justice, and on such terms as may be proper, amend any pleadings or proceedings by adding or striking out the name of any party, or by correcting a mistake in the name of the party, or a mistake in any other respect, or by inserting other allegations material to the case; or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

Appellant calls attention to the case of *American Bonding Company* v. *Morris,* 104 Ark. 276, 148 S. W. 519. The court in that case said: "Our statute is liberal and permits the court in its discretion, for good cause shown, to extend the time for filing an answer beyond that limited by law. * * * It is likewise liberal relative to amendment of pleadings, * * * permitting certain amendments to be made at any time in furtherance of justice, even during trial, when they do not change substantially the claim or defense. The whole matter, however, is within the discretion of the trial court, which must depend largely upon the special circumstances of each case, and in reviewing the exercise of discretion in granting or refusing leave to amend, this court does not reverse the action of the trial court unless it affirmatively appears that there was a plain and manifest abuse of discretion."

Appellant next calls attention to the case of *Waters-Pierce Oil Co.* v. *Bridwell,* 103 Ark. 345, 147 S. W. 64 Ann. Cas. 1914B, 837. There is nothing in that case that supports the contentions of the appellant.

Appellant calls attention next to the case of *Western Coal & Mining Co.* v. *Young,* 188 Ark. 191, 65 S. W. (2d) 1074. In this case, there was no question of amendment to pleadings, but it was contended for a reversal because the actions were barred by the three-year statute of limitations. Crawford & Moses' Dig., § 6950.

If this had been a new cause of action, it would have been barred by the statute of limitations. "At least as long as the facts alleged as the basis of recovery remain the same, so that a new cause of action is not introduced, a pleading may be amended so as to vary, enlarge, or modify the extent of the relief sought, and if relief is prayed for which the facts do not warrant, the pleading may be amended so as to demand appropriate relief." 49 C. J. 525.

It is next contended that the court erred in giving appellee's requested instructions Nos. 2 and 3. The objection to No. 2 is that it overlooks the contention of the appellant that the weight of the house contributed to the subsidence of the surface, and that it put the burden on appellant to show that sufficient pillars were left to support the surface. The same objection was made to instruction No. 3, as to the weight of the house, and also the objection to the statement in the instruction that it was not necessary for the appellee to recover that the proof show that appellant was negligent in removing the coal.

The court did not err in giving these instructions. One who excavates on his own land, so that, by the operation of the natural and ordinary causes which he takes no precaution to guard against, the land of another falls into the excavation, is liable to the latter for the injury to the land in its natural condition, but not for injuries to buildings or improvements, without proof of actual negligence. The adjacent owner, who erects buildings or other structures on the land, is presumed to take necessary precaution to protect such buildings; but when one excavates where another owns the surface, a different rule applies. The rule is stated in 40 C. J. 1196 as follows: "The right to subjacent support is absolute, and it is no defense in an action to recover for an injury to the surface that the mining operations were conducted with due care and skill, or even in the most approved manner. Nor can the violation of the duty be justified upon the grounds of custom, a custom to that effect being unreasonable, and for the same reason no such right can be

claimed by prescription. And a license from the crown to dig minerals in granted land, where the mines are excepted out of the grant, will not justify an injury to the surface soil. Where one grants the minerals underneath the surface, with the privilege of mining such minerals, the support of the surface is a part of the estate reserved in the grantor, and the rights of a lessee are not enlarged by a covenant that the mine is to be worked in the most economical method and in accordance with the laws of the state, while on the other hand if one sells the surface, reserving the minerals, the grantor in removing the minerals reserved must leave or provide sufficient support for the surface to prevent its subsidence, unless, in either case, there has been an express waiver of such right, or the intention to waive such right clearly appears from the use of apt words.''

It is next contended by the appellant that the court erred in giving instruction No. 4 on the measure of damages. The objection is that the evidence shows that the damage was reparable, and must be for the cost of repairs. The evidence in this case shows that the damages were permanent, and we think it also shows that the cost of repair would be more than the amount of the judgment. It, therefore, appears that the instruction could not have resulted in any prejudice to the appellant.

''Where an instruction which is open to criticism has been given by a trial court to a jury, and the record discloses that the instruction could not have resulted in prejudice to the complaining party, it is error for a reviewing court to reverse the judgment of the trial court upon that ground.'' *Ohio Collieries* v. *Cocke,* 107 O. St. 238, 140 N. E. 356.

We find no error, and the judgment is affirmed.