BRIDGMAN *v.* DRILLING.

4-9479

238 S. W. 2d 645

Opinion delivered April 16, 1951.

*Charley Eddy*, for appellant.

*Gordon & Gordon*, for appellee.

MINOR W. MILLWEE, Justice. Appellee, C. W. Drilling, Jr., operates the Farmers Exchange, a retail grocery and feed store at Morrilton, Arkansas. On October 15, 1949, he filed a complaint in the Conway Circuit Court seeking judgment against appellant, W. A. Bridgman, in the sum of $516.83 on an open account for merchandise allegedly purchased "during the years from 1940 to 1946." Summons was issued on February 24, 1950, and served on appellant the next day.

On April 8, 1950, appellant filed an answer containing a general denial, alleging that he had not traded with appellee since 1945 and specifically pleading the three-year statute of limitations (Ark. Stats. § 37-206) as a bar to the action.

On October 2, 1950, appellee filed an amendment to the complaint alleging that appellant made the last payment on the account on June 23, 1947, in the amount of $15.30. On the same date appellant filed a demurrer to the complaint pleading the statute of limitations. The trial court treated the demurrer as a motion to make more definite and certain and permitted the filing of the amendment to the complaint by appellee. Appellant renewed his demurrer to the complaint as amended and the demurrer was overruled.

At the trial appellee introduced the original sales and credit tickets showing the last items to have been purchased by appellant on December 19, 1946, and the last payment on the account of $15.30 on June 23, 1947.

Appellant testified that he had not traded with appellee since 1945 and denied making the $15.30 payment. The jury returned a verdict in favor of appellee for $516.83 and this appeal is from the judgment based thereon.

Appellant insists that the trial court erred in overruling the demurrer to the complaint and the amendment thereto and in refusing to direct a verdict in his favor. It is argued that the amendment to the complaint of October 2, 1950, not having been filed within three years from June 23, 1947, the date of the last payment alleged therein, was barred by the statute of limitations when filed because the amendment introduced a new cause of action to which appellant was entitled to plead the statute separately. In overruling this contention the trial court ruled that the amendment to the complaint did not constitute a new cause of action, but related back and became a part of the original complaint.

Our cases hold that where there is an amendment to a complaint stating a new cause of action or bringing in new parties interested in the controversy, the statute of limitations runs to the date of the amendment and operates as a bar when the statutory period of limitation has already expired. In other words, if the plaintiff amends his complaint after commencement of the suit by introducing a new cause of action, the statute continues to run until the filing of the amendment which does not relate back to the commencement of the suit. *Wood* v. *Wood,* 59 Ark. 441, 27 S. W. 641, 28 L. R. A. 157; *Buck* v. *Davis,* 64 Ark. 345, 42 S. W. 534; *Love* v. *Couch,* 181 Ark. 994, 28 S. W. 2d 1067. If, however, the amendment to the complaint does not set forth a new cause of action, but is merely an expansion or amplification of the cause of action already stated, then the amendment relates back and takes effect as of the date of the commencement of the original action. *Little Rock Traction & Electric Co.* v. *Miller,* 80 Ark. 245, 96 S. W. 993; *Western Coal & Mining Co.* v. *Corkville,* 96 Ark. 387, 131 S. W. 963.

In the case of *Paris Purity Coal Co.* v. *Pendergrass,* 193 Ark. 1031, 104 S. W. 2d 455, we approved the rule stated in 37 C. J. 1068 as follows: "An amendment of a

declaration, petition or complaint which sets up no new cause of action or claim, and makes no new demand relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point. This is in substance the language of the statute in some jurisdictions, and the rule applies, although the limitation is by contract and not by statute; and courts have been liberal in allowing amendments expressly to save a case from the statute of limitations when the cause of action is not totally changed.'' See, also, 54 C. J. S., Limitations of Actions, § 279a; 34 Am. Jur., Limitation of Actions, § 260.

We have repeatedly stated that the trial court is invested with broad discretion in allowing amendments to pleadings under Ark. Stats. § 27-1160 in order to effectuate the manifest purpose of the statute to permit the trial of litigation upon its merits. *Foster-Holcomb Inv. Co.* v. *Little Rock Publishing Co.*, 151 Ark. 449, 236 S. W. 597. It is also well settled that, in order to obtain the benefit of a defense of the statute of limitation, it must be pleaded either by demurrer or answer. *Keith* v. *Drainage Dist. No. 7 of Poinsett Co.*, 183 Ark. 384, 36 S. W. 2d 59. An action is commenced within the meaning of the statute of limitations when the complaint is filed and the summons is issued thereon. *St. Louis A. & T. Ry. Co.* v. *Shelton,* 57 Ark. 459, 21 S. W. 876.

We agree with the trial court that the amendment to the complaint did not constitute a new cause of action. Appellee had, and alleged, only one cause of action against appellant and the amendment merely amplified and expanded the cause of action already stated in the original complaint. If appellant had not pleaded the statute of limitations, a recovery upon the original complaint would have barred any recovery under the amendment and the same evidence would have supported both. See *Cottonwood Lumber Co.* v. *Walker,* 106 Ark. 102, 152 S. W. 1005, 45 L. R. A., N. S., 429. It follows that the filing of the amendment to the complaint on October 2, 1950, related back to the commencement of the action on February 24, 1950, and became effective as of that date. Under the pleadings and the proof on behalf of

appellee, the three-year statute of limitations commenced to run anew on June 23, 1947, the date of the last payment on the account, and ceased to run on February 24, 1950, which was within the three-year period. The trial court correctly so held and the judgment is affirmed.