884

S. L. WOODYARD

v.

AMERICAN CYANAMID COMPANY.

Civ. A. No. 2931.

United States District Court
E. D. Arkansas, W. D.

Oct. 12, 1955.

Fred Newth, Jr., Kenneth Coffelt, Little Rock, Ark., for plaintiff.

Rector, Cockrill, Limerick & Laser, Little Rock, Ark., for defendant.

TRIMBLE, Chief Judge.

Plaintiff filed his complaint in this case in the Pulaski Circuit Court on December 21, 1954, wherein it was alleged that the defendant company in connection with its mining for bauxite ore caused a great stock pile of waste material taken from its excavation work to be piled high along the east boundary line of plaintiff's property creating a large pile of waste material along said boundary line and obstructing the natural flow of the drainage across plaintiff's said property, causing rainfall water to back up over and upon plaintiff's property, washing it and damaging the vegetation thereon.

It was further alleged that as a result of these actions on the part of the defendant, plaintiff's property had been decreased in market value in the amount of $3,500.

The case was removed from the Pulaski Circuit Court to this court on January 11, 1955; defendant on January 14, 1955, filed its motion to dismiss on two grounds: (1) failure of the complaint to state a claim upon which relief can be granted against the defendant; and (2) the alleged cause of action did not accrue within three years next before the commencement of the action. The motion of the defendant was fully briefed in a memorandum filed herein on January 31, 1955.

Plaintiff filed no response to defendant's brief, but oral argument was heard on March 21, 1955, at which time defendant was permitted to file an amendment to his complaint.

Plaintiff's amendment set forth that when the waste material was first piled out along the east boundary line of plain-

tiff's property, plaintiff could not determine whether or not the market value of his property had been reduced; that the damage to said property did not occur in the first instance "until the heavy rains came after the construction of the stock pile"; that plaintiff only seeks to recover damage done his land within three years next before the filing of this complaint; that the suit is predicated upon the defendant's creation of a nuisance and the damages accruing therefrom within three years next before the filing of the complaint; that since the filing of the suit heavy rains have come and are now falling, thereby presently and continuously pushing and washing said waste materials and increasing the damages day by day, as a result of which he has suffered an additional damage in the amount of $500, bringing the total damages prayed for to the sum of $4,000.

On April 12, 1955, defendant filed motion for summary judgment in accordance with the provisions of Rule 56(b) and (c) of the Rules of Civil Procedure, 28 U.S.C.A. To this motion was attached the affidavit of R. H. Harris, General Manager of the defendant's plant in Pulaski County, Arkansas. An aerial map was attached to this affidavit. On the same day defendant filed a supplemental memorandum brief in support of motion for summary judgment.

No response was filed to the motion for summary judgment and no brief was filed by the plaintiff in answer to defendant's brief.

■ That the cause of action stated in the original complaint was barred by the three year statute of limitations, Ark. Stats. § 37–107, is almost elementary. Paris Purity Coal Co. v. Pendergrass, 193 Ark. 1031, 1032, 104 S.W.2d 455; City of Memphis, Tenn. v. Board of Directors of St. Francis Levee Dist., D.C., 231 F. 217; Gulf, C. & S. F. Ry. Co. v. Moseley, 8 Cir., 161 F. 72, 20 L.R.A.,N.S., 885; 54 C.J.S., Limitations of Actions, §§ 168 & 169; and 1 Am.Jur. "Actions", §§ 118 & 119.

Obviously the court could do nothing more than dismiss the original complaint and counsel for the plaintiff no doubt realized that the cause of action as alleged in the complaint was barred by the three year statute of limitations.

■■ The question for the court to determine now is whether the complaint as amended is barred by the three year statute of limitations entitling the defendant to have its motion for summary judgment sustained.

The complaint as amended does not seek to recover recurring damages to crops and pastures and other personal property of the plaintiff, but adheres to the original theory that the value of the land has been reduced by the construction of the pile of waste material. It is stated by the plaintiff in the amendment to his complaint that it was impossible for him to tell prior to three years next before filing of this suit whether or not his land had been damaged as alleged in the complaint, and if so, to what extent.

Plaintiff has not chosen to respond in any way to the motion for summary judgment, nor to file controverting affidavit, nor to give the court any information respecting the issue involved that would in any way question the facts established by the affidavit and exhibit filed therewith.

The court now has before it a complete outline of the case from which it may be stated that in April, 1948, the defendant purchased from the plaintiff a four acre tract of land for which it paid $1,100 when the market value thereof was only $240. The plaintiff was advised that the land was going to be used as a dump for the piling of overburden to be stripped from a mine adjacent to the four acre strip. This overburden pile on the four acre strip served as a sort of dam causing surface water to back up along the eastern line of Mr. Woodyard's pasture and thus during excessive rainfalls flooding the area along said boundary line. When the overburden pile was first made a small amount of the loose dirt necessarily settled from the rain water and was de-

posited at the base of the overburden embankment.

This pile of waste material was completed in the year 1948. It is not shown in what month of the year 1948 the overburden pile was completed, but it doubtless followed immediately upon the conveyance of the four acre tract by the plaintiff on April 5, 1948.

Plaintiff earnestly insists that during the years 1949, 1950 and up to December 21, 1951, nothing occurred to notify him that the embankment would result in damage to his adjoining land.

The court must take judicial notice that during the years 1949 and 1950 there were excessive rainfalls in the area of this tract of land. The court knows judicially that during the year 1949 the annual rainfall in this area was 60.48 inches; that during the year 1950 the rainfall was 62.86 inches. (The normal annual rainfall in that area is approximately 52 inches.) The pile of waste material had been fully completed for a year or more when the monthly record for rainfall was made in October, 1949 (9.68 inches).

This is not such a case as to fall within the rule relied upon by the plaintiff and set forth in the two cases cited by counsel for the plaintiff: St. Louis, Iron Mt. & S. Ry. Co. v. Biggs, 52 Ark. 240, 12 S.W. 331, 6 L.R.A. 804, and Baldwin v. Neal, 190 Ark. 673, 80 S.W.2d 648.

This case serves as an excellent example of developing a cause of action by a motion for summary judgment in accordance with the provisions of Rule 56 (b) and (c) of the Rules of Civil Procedure. Here the motion for summary judgment, supported by uncontroverted and uncontrovertible proof, has had the effect of completely erasing the meretricious elements of the pleadings. The court now has been fully advised of the complete background of the controversy between the parties and has thereby been able to determine the principles of law governing the rights of the parties. It is now apparent to the court that applying the rules of law, which the court must do, the plaintiff can never develop a valid cause of action against the defendant and that the motion for summary judgment should be sustained.