## THE CHARLESTOWN SCHOOL TOWNSHIP v. ADA HAY.

1. *Practice—Complaint—Assignment of Errors.*—If there is one good paragraph to a complaint, challenged for the first time in this court, by the assignment of errors, the assignment must fail, if the error charged is want of sufficient facts to constitute a cause of action.

2. *Same—Commencement of Action.*—If the record does not show the issuing of any writ, and does not show any objection, made in the court below, to the time of bringing the action, it will be presumed that the action was commenced when appearance was made and answer filed; and the fact that no objection was made to the complaint, upon the ground that the action was prematurely brought, adds strength to the presumption that the action was not commenced until appearance was voluntarily made.

3. *Complaint—Defects Cured.*—Many defects, which a demurrer would reach, are aided by a verdict, and a finding by a court must, in this respect, be given the same effect as the verdict of a jury.

4. *Same—Omission of Averments—Evidence.*—Where sufficient general facts are averred, to show that omission of facts, that were not sufficiently averred, might be supplied by evidence; it will be held that they were supplied.

5. *School Law—Contract—Teacher.*—Where a teacher has actually entered into a contract with a school township, to teach for a stated term at a stated compensation per day, she will not be precluded from recovering the full amount due for the term, when the failure to conduct the school each day of the term is caused by the wrongful act or omissiom of the township authorities.

6. *Waiver of Condition.*—A condition in a contract is waived, by the failure to ask a compliance with the condition, or to make complaint of its non-performance.

Filed June 20, 1881.

Appeal from Clark Circuit Court.

Opinion of the court by Mr. Justice Elliott.

The appellant, for the first time, challenges the sufficiency of the complaint by the assignment of errors in this court. The first paragraph of the complaint is confessedly bad, and we dismiss it from consideration. If the second is bad the appellant's assignment must prevail, if good the assignment must fail, for if there is one good paragraph of a complaint, an assignment that the complaint does not state facts sufficient to constitute a cause of action will be unavailing.

The complaint is based upon a written contract, wherein the appellee agrees to teach school for twenty-six weeks, of five days each, in district number two of the township, commencing on the 17th day of September, 1877; that she will keep a faithful record of the daily attendance of pupils, and, in all respects, conform to the requirements of the school law. The township, in consideration of the appellee's promises, agrees to furnish and keep in repair school house and furniture; to furnish necessary fuel, blanks, apparatus, "and such other educational appliances as are necessary for the thorough organization and efficient management of the

school, and to pay the appellee $290.50, or such portion thereof, as shall be due the said teacher at $2.25 per day, as above agreed upon for services she actually performed, to be paid upon receipt of her report as teacher of said school, made, subscribed and sworn to as the law provides."

It is alleged that the appellee was duly licensed as a teacher; that she entered upon the work of teaching under the written contract executed between her and the appellant; that she continued teaching until the 15th day of January, 1878, when the school house was destroyed by fire; that she immediately thereafter informed the appellant of the destruction of the school house, and requested the trustee to furnish a house, fuel, furniture and appliances provided for by the contract, but that the appellant failed to furnish or provide them. It is averred that the appellee was at all times ready and willing to teach the school for the remainder of the term provided for; and it is also averred that, "she in all things complied with all the conditions and stipulations of said contract on her part, but that the said trustee has paid her for her services $183.75; that there is still due her and unpaid, the sum of $96.75." To the averment of performance just quoted the appellee added the following excuse for non-performance: "The plaintiff says she was unable after the burning of said house to make any report for the reason that the data thereof kept by her were burned with said house and she is unable to make the report from memory."

It is insisted that the complaint ought to be held bad, because the twenty-six weeks which the appellee agreed to teach had not expired when the complaint was filed. It is shown by the record that the complaint was filed before the expiration of that time, but it does not appear that any summons was issued or served. The appearance of appellant was not entered until the 24th of April, 1878, and this was long after the expiration of the twenty-six weeks. The filing of the complaint was not the commencement of the action. The general rule is that an action is not commenced until the impetration of the writ. *Fordics et al.* v. *Hardesty*, 36 Ind. 23; *Evans* v. *Galloway*, 20 Ind. 479; *Hancock* v. *Ritchie*, 11 Ind. 48. The record not showing the issuing of any writ, and not showing any objection made in the court below to the time of bringing the action, we must presume that the action was commenced when ap-

pearance was made and answer filed. The fact that no objection was made to the complaint upon the ground that the action was prematurely brought, adds strength to the presumption that the action was not commenced until the appellant voluntarily appeared.

It is contended that the complaint is bad for the reason that it does not show a filing, or an excuse for not filing the report required of the teacher. It is argued that the filing of the report with the trustee, was a condition precedent of which strict performance was required. The complaint does not very fully show either performance, or an excuse for non-performance of this condition, but we think it was so aided by the finding that we cannot now pronounce against it. Many defects which a demurrer would reach are aided by a verdict, and the finding of the court must, in this respect, be given the same effect as the verdict of a jury. *Indianapolis, etc., Co.* v. *McCoffey*, last term; *Parker* v. *Clayton*, Id.; *Newman* v. *Perull*, Id.

The complaint is next assailed upon the ground that as it was the duty of the teacher to preserve the school house from destruction by fire, and that as it burned, she is not entitled to recover. The statement of the argument supplies the refutation. We have not, it is proper to add, stated the argument in the language used by counsel, but we have stated it in substance and effect.

An objection of a more important nature than those we have considered, is urged against the complaint. This objection is that the complaint fails to show such facts as entitle the appellee to recover beyond the time in which she was actually employed in teaching. The argument is built upon the clause which provides that the teacher shall receive compensation at the rate of $2.25 per day for the services she actually performs. It is insisted that she cannot, in any event, recover where she does not actually render services, but as we shall hereafter show, this construction cannot be maintained. It is by no means clear that the complaint does properly and sufficiently plead such facts as entitled the appellee to recover for the time in which she was not actually engaged in teaching. We have concluded, however, that there are sufficient general facts stated in the complaint to show that the omission were such as might have been supplied by the evidence, and it is, therefore, our duty, under the settled rule to which we have heretofore referred, to hold that they were supplied.

We find one good paragraph of the complaint and must, therefore, rule against appellant on the questions made upon the complaint.   *Firestone* v. *Daniels,* 71 Ind. 570.

The remaining questions are these arising upon the error assigned upon the ruling denying a new trial.

The meaning to be assigned to the clause of the contract providing that the township " agrees to pay the said Ada Hay for services as teacher of said school, the sum of $290.50, or such portion thereof, as shall be due said teacher at $2.25 per day, as above agreed upon, for services she actually performed," is not so narrow and stringent as that for which appellant contends.   The appellant contends that no matter what may prevent the teacher from actually conducting the school, her right to compensation must be confined to the days in which the school is, actually taught by her.   Notwithstanding the clause quoted, we are clear that the appellee is entitled to compensation if the failure to actually conduct the school each day of the term was caused by the wrongful act or omission of the township authorities.

Construing the contract as not precluding a recovery where actual performance was prevented by the act or omission of the appellant, the remaining question is whether the evidence shows that performance was prevented by something wrongfully done or omitted by the township trustee.

We are satisfied from a careful reading of the evidence that the court did not err in accepting the testimony of the appellee as the correct statement of the material facts.   From appellee's testimony it appears that the school house was accidentally destroyed by fire, that upon discovering that the house had been destroyed she notified the school director of the district; that the director instructed her to procure a house in which to conduct the school, that she did procure a church building for that purpose, that the trustee was notified that she had secured the church building, but that no fuel or furniture was furnished, although the trustee promised to furnish them.   No pupils came to the church and this fact was reported to the trustee, but nothing was done by him towards furnishing either furniture or fuel, nor was the appellee informed that her services were dispensed with, but she was put off from time to time by promises, to provide house, furniture and fuel.   One of the wit-

nesses for the appellee notified the trustee that she, the appellee, was ready and willing to teach the school, and that she would demand compensation for the full term and to this witness dilatory excuses were given by the trustee.   We think this evidence showed that actual performance on the part of appellee was prevented by the appellant's officers and that a recovery cannot be defeated upon the ground here relied upon by appellant.

Appellee, as excusing her failure to file a report, testified that she could not make one, because "the data for making it were burned with the school house."   It is insisted that the excuse shown is insufficient and that there can, therefore, be no recovery.   We do not think it necessary to inquire whether the excuse is or is not sufficient.   The performance of the condition was waived.   The evidence shows that the appellee was put off by excuses from time time, that no report was ever asked of her, nor was any complaint made that she had not prepared the required report.   The evidence does show that a report was made to the trustee on the 4th day of April, 1878, wherein the number of days actually taught, and the number of pupils in attendance is shown, and wherein the following statement appears:  "The remainder of the school term was not taught for the reason that on the 16th day of January, 1878, the house in which said school was taught and the apparatus used were destroyed by fire and no suitable house could be furnished by trustee."   It is also shown by the record that for the eighty-seven days in which school was taught, the appellee was paid in full.   Neither then, nor at any other time, was any complaint made of the failure to make the report provided for by the contract.   The refusal to pay was not placed upon the ground that the report was not made; but, as is very evident, from the whole record, payment was refused upon the sole ground that the appellee was only entitled to compensation for the time she actually conducted the school.

The judgment is affirmed at costs of appellants.

M. C. Hester, for appellant.