No. 466.

### KULP ET AL. *v.* CHAMBERLAIN, ASSIGNEE, ET AL.

MECHANIC'S LIEN.—*Material Men Seeking to Enforce.—Failure to Institute Suit within one Year.— Voluntary Assignment by Contractor.—Rights of Assignee as against Material Men.*—Where material men had filed their notice of an intention to hold a mechanic's lien, but had not instituted an action to enforce the same within one year, as provided by statute, they are precluded from recovering the amount agreed to be due from the owner of the property, as against the assignee of the contractor, the latter having made a voluntary assignment for the benefit of his creditors, including the amount so due from the property-owner.

SAME.—*Notice of Material Men to Owner After Voluntary Assignment by Contractor.—Priority of Assignee Unaffected.*—When, after a general assignment by a contractor for the benefit of his creditors, certain material men gave notice to a property-owner of their intention to hold him responsible for material furnished by them to the contractor, the assignee of the contractor is entitled as against the material men to the amount agreed to be due from the property-owner for said material.

From the Elkhart Circuit Court.

*W. L. Stone,* for appellants.

*J. H. State* and *O. T. Chamberlain,* for appellees.

ROBINSON, C. J.—This was an agreed statement of facts, submitted to the court under section 553, R. S. 1881. Under the agreed statement of facts Livy Chamberlain, trustee for the creditors of Samuel Daub and Enos B. Kulp and John Ummel, constituting the firm of Kulp & Ummel, and Warren H. and Emma Thomas submitted to the court the following controversy between them, and agreed upon the case as follows, to wit : May 15th, 1889, Samuel Daub, being a building contractor, entered into a contract with Warren H. Thomas, by which said Daub was to repair and construct a dwelling-house on the land of said Warren H. and Emma F. Thomas, in Elkhart, Indiana; said Daub completed said dwelling-house on the 9th day of October, 1889, substantially according to the contract ; Daub obtained some of the material used by him in the construction of the dwelling of

Kulp and Ummel, which was ordered for that purpose prior to September 7th, 1889, which material was contracted for and delivered at various times, from July 20th to, and including, September 7th, 1889, as shown by the itemized bill filed with their notice and made a part of the agreement; that after said material was contracted for by said Daub, and before it was all delivered, the exact date being unknown, Warren H. Thomas called at the office of Kulp & Ummel, and while there inquired if they intended to hold him for it, to which Kulp replied, we intend to hold every one for it; October 19th, 1889, a settlement was had between Thomas and Daub, in which it was found there was due Daub the sum of $324.55 from Thomas. Thomas gave his note to Daub for $100, which was paid, leaving the balance of $224.55 unpaid; October 21st, 1889, Daub,being insolvent, made an assignment for the benefit of his creditors, and appointed the appellee Chamberlain his trustee. The assignment was duly and properly executed, and among the choses in action assigned, was the account against said Thomas. A copy of the schedule and assignment was filed with and made a part of the agreed statement of facts. The instrument of assignment was duly recorded in the recorder's office of Elkhart county, Indiana, at 8 o'clock A. M. on the day of its execution, and the appellee Chamberlain accepted said trust, and entered upon the discharge of his duties immediately . thereafter. On the 5th day of November, 1889, at 10:30 o'clock A. M., appellants Kulp & Ummel filed in the recorder's office of said county a notice of intention to hold a lien for $224.42, the amount due them from said Daub, a copy of which notice was made a part of said agreed statement of facts.

On October 22d, 1889, appellants Kulp & Ummel.gave a notice to said Warren H. Thomas,particularly setting forth the amount of their claim for which said Daub was indebted to them, and that they held said Thomas responsible for the

same, which notice and itemized account was made a part of said agreed statement of facts, and said Thomas in writing acknowledged the service on him of said notice.

On the 16th day of November, 1889, said Daub filed in the recorder's office of said county a notice of his intention to hold a lien on the land and dwelling-house aforesaid to secure the payment of the amount due him, which notice was made a part of said agreed statement of facts.

Payment of said sum is claimed by the appellee Chamberlain and the appellants Kulp & Ummel, and had been demanded by each, and each of the parties threatened to sue said Thomas therefor, and said trustee, in April, 1890, brought suit therefor, and for the foreclosure of the mechanic's lien taken by said Daub, which was then pending in said court. But said Thomas had refused to pay solely because of the adverse claims of said parties, but was ready and willing to pay said sum to the proper party, and on the 23d day of May, 1890, deposited the money for the payment thereof with the St. Joseph Valley Bank, and had deposited the agreed statement of facts, a certificate of deposit for $224.55, to be delivered upon the order of the court to the party entitled to it; that said Daub was insolvent, and in settlement of his trust the trustee would not be able to pay more than — cents on the dollar if he was unable to collect the claim in controversy.

The question submitted to the court was, who was entitled to said sum of $224.55? And the court was requested to make an order for the payment of the same to the party entitled thereto.

Each of the parties subscribed said agreement and made affidavit that the controversy submitted under said agreed statement of facts was real and that the proceedings were in good faith to determine the rights of the parties, as required by section 553, *supra.* The cause was submitted to the court. The finding was for the appellee that he was entitled to the sum of $224.55 due from Warren H. Thomas and deposited in

the St. Joseph Valley Bank, of Elkhart, Indiana. The court so found because the appellants, Kulp and Ummel, took no steps to foreclose the lien within a year and because Daub had assigned the claim to the appellee before they notified said Warren H. Thomas that they intended to hold him responsible to the amount of said claim. The court further found that neither the said Warren H. Thomas nor Emma Thomas were indebted to the other parties to the action or either of them, and a proper order and judgment was rendered upon the finding and thereupon the appellants, Kulp and Ummel, properly excepted to said decision, conclusion and judgment, and also moved the court for judgment in their favor, which motion the court overruled, to which ruling exception was saved and appellants prayed an appeal, etc.

The appellants assign the following errors:

1. The court erred in its decision of the cause.

2. The court erred in its conclusions of law on the agreed statement of facts.

3. The court erred in overruling the motion of appellants for judgment in their favor on the agreed statement of facts.

The questions presented for our decision under the statement of facts are, was the appellee, as the trustee of the voluntary assignment of Samuel Daub, entitled to the amount due from Thomas to Daub on the contract with Warren H. Thomas to repair and construct a dwelling house on the lands of said Warren H. and Emma F. Thomas, or were the appellants entitled to the sum so due from Thomas to Daub by reason of having furnished certain material in the repair and construction of said dwelling house and for which they attempted to acquire a lien against said property under the statute, and if such lien was not enforceable under the statute were the appellants entitled to said sum under the notice given to said Thomas by them particularly setting forth the amount of the claim for which said Daub was indebted to them for materials furnished in the repair and con-

struction of said dwelling, and that they held said Thomas responsible for the same.

It is conceded that Daub was insolvent and made a voluntary assignment for the benefit of his creditors in accordance with the statute, assigning all of his rights and credits to the assignee, including the account due him from Thomas. By the statute it is made the duty of the trustee to proceed to collect the rights and credits of the assignor for the benefit of all his creditors, and the trustee was entitled to the account due from Thomas, which was the money in the hands of the bank, unless the claim made by the appellants gave them a superior right thereto. The effect of a valid assignment is to vest the assigned estate in the trustee, and is to put it out of the reach of creditors, for the benefit of all the creditors on distribution. It places the property under the jurisdiction of the court, so that an equitable distribution can be made according to the respective rights of the creditors. *Hasseld* v. *Seyfort,* 105 Ind. 534; 1 Am. & Eng. Encyc. of Law, 871.

It therefore follows that to entitle the appellants to the account due from Thomas, and on deposit in bank, they must have acquired superior right thereto by one or both of the modes sought by them; that is to say, either by notice of their intention to hold a lien on the property for materials furnished under the statute or by the notice given by them to Thomas that they intended to hold him responsible for the materials furnished by them to Daub in the construction of said dwelling-house, and such right as appellants acquired to said fund must have been under and within the provisions of the statute.

It is unnecessary to follow the argument of counsel as to the steps required to obtain a lien for materials furnished in the construction of a building, for the reason that if appellants had in the first instance complied with the requirements of the statute of their notice of intention to hold a lien on the property for materials furnished Daub, the con-

tractor, in the repair and construction of the dwelling-house thereon, such lien had become null and void when this action commenced under the agreed statement of facts.

Section 1693, Elliott Supplement, provides that "Any person having such lien may enforce the same by filing his complaint in the circuit or superior court of the county where the labor was performed or the materials or machinery furnished, at any time within one year from the time when said notice had been received for record by the recorder of the county; or if a credit be given from the expiration of the credit, and if said lien shall not be enforced within the time prescribed in this section the same shall be null and void," etc.

It is not claimed that any credit was given for said materials furnished in the construction and repair of said dwelling-house, but as a fact it appears that the amount for which said lien was sought to be acquired was due appellants at the time the same was recorded. The appellants having failed to enforce said lien by filing their complaint within one year from the time when said notice had been received for record by the recorder of said county, permitted said lien to become " null and void," and was not entitled to priority or superior claim upon said fund in this action thereunder.

The next contention of the appellants is that the written notice they served on said Warren H. Thomas of their intention to hold him responsible for the material furnished by them to said Daub, as contractor, in the repairs and construction of said dwelling-house, entitled them, and not the appellee, to the amount of said account due from said Thomas, and deposited in said bank. We can not concur in said assumption. Daub made the assignment to the appellee before appellants served said notice upon said Thomas, and after appellee accepted said trust, and after the property, rights, credits and effects of Daub had gone into the possession of the appellee under said assignment, for the benefit

of Daub's creditors. Under this condition of affairs what might have been otherwise the effect of the notice? Appellants could not, after such assignment, thereby acquire a superior claim to said account so due Daub to that of the appellee under said assignment, and could not, by means of said notice, obtain a preference over other creditors. It therefore follows from our conclusions that the circuit court did not err in its finding and judgment for the appellee.

The judgment is affirmed.

Filed May 12, 1892.