Filed May 26, 1896.

---

No. 1,716.

## CARRIGER ET AL. *v.* MACKEY.

MECHANIC'S LIEN.—*Notice of Filing.*—*Commencement of Action On.*—*Statute Construed.*—Section 7259, R. S. 1894, does not require that an action shall be commenced on foreclosure of a mechanic's lien within one year from the receipt of the notice in the recorder's office, but that the complaint thereon shall be filed within one year from the receipt of such notice in said office.

SAME.—*Priority of, Over Mortgage.*—The lien of a mortgage for the balance of purchase-money, or a mortgage given for debts due on account of material used and labor performed in the construction of a building, is inferior to a mechanic's lien, on a building situate on the mortgaged real estate; such lien having been created subsequent to the execution of the mortgages.   Such mortgages have priority only upon the real estate as it stood at the time of their execution.

From the Marion Superior Court.

*Van Vorhis & Spencer*, for appellants.

*Herod & Herod*, for appellee.

REINHARD, J.—This is an action by appellee, against appellants, to enforce a mechanic's lien.   One

of the errors assigned is that the amended complaint of the appellee fails to state facts sufficient to constitute a cause of action.

The objection urged to the complaint is that it fails to show that the action was brought within the time limited by law.

The statute requires that *"the complaint shall be filed"* in the circuit or superior court, within one year from the time when the notice was received for record in the recorder's office.  R. S. 1894, section 7259; *Kulp* v. *Chamberlain*, 4 Ind. App. 560.  The appellants' counsel misapprehend the language of the statute.  It does not require the action to be *commenced* within a year from the receipt of the notice in the recorder's office, but, as we have shown, it provides that the complaint shall be filed within that time.  The last work is alleged to have been done on the building November 15, 1892, and it is averred that the notice was filed in the recorder's office on Dec. 23 1892, and that the original complaint was filed March 2, 1893.  We are aware that an action is not properly commenced until a summons has been issued and placed in the hands of the officer for service.  R. S. 1894, section 316; *Charlestown School Tp.* v. *Hay*, 74 Ind. 127.  As the language of the statute does not require that the action must be commenced within a year from the receipt of the notice, the objection pointed out to the complaint is not well taken.  Nor is there any merit in the contention that the complaint is fatally defective because it fails to show when the notice to hold a lien was received in the recorder's office.  It is averred that the notice was filed in said office December 23, 1892.  It could not have been legally filed there, unless it had been received by the recorder.  The complaint is sufficient to withstand the assignment of error.

Another specification of error is that the court

erred in its conclusions of law upon the special find-ing of facts. The court found that the appellant, McLain, holds a mortgage, dated October 14, 1891, on the real estate described, to secure the payment of $1,430.67, for balance of purchase-money. It was also found that appellant, John J. Carriger, holds a mort-gage to secure a note dated October 31, 1892, for $275.00; and another mortgage, dated November 1, 1892, for $125.00, both of which mortgages were given to secure notes payable in bank, and given in payment of materials furnished and labor done in the erection and construction of the dwelling house sit-uate on said real estate.

The court further found that the appellant, Sarah F. Carriger, is now the owner of said real estate, hav-ing taken a deed for it from the appellants Dinah Crome and her husband, July 6, 1893, after the com-plaint herein was filed, etc.

The court, as a conclusion of law, held that Mc-Lain and Carriger's mortgages are a first and prior lien on said real estate, but inferior to appellee's lien on the building; that appellee is entitled to a lien on said building for $47.50, and that his lien thereon for said amount should be foreclosed, with the privilege to the purchaser to remove the same from the prem-ises within ninety days.

The appellants insist, that the facts found show no equity in the appellee, which entitles him to a lien su-perior to the mortgage of John J. Carriger, given for debts due for materials used and labor performed in the construction of the building. We are unable to perceive by what rule the appellants who have mort-gages, are entitled to priority on the building. It can make no difference what the mortgages were given to secure. They have priority only upon the real estate as it stood at the time of their execution. The house

Carriger *et al. v.* Mackey.

must stand as security for the lien taken for the materials furnished and labor performed, and no lien, unless it be for taxes or assessments for public improvements, can reach behind it. Nor will the fact that the mortgage of Carriger was given to secure debts for material and labor in the building make any difference. The appellant Carriger does not seek to enforce a mechanic's or materialman's lien for such materials and work. When the mortgage was taken to secure said debts, the latter were reduced to the level of other debts secured by mortgage. The creditor had his option, to proceed to establish and enforce a lien or to take a mortgage on the premises. He chose the latter course, and by that course he must stand. Had he pursued the remedy given him by way of a lien he might have come in on equal footing with the appellee. As it is, he retains his priority (in connection with appellant McLain), so far as it concerns the lands upon which the house was erected, but forfeits it upon the house itself, if the whole of the latter is required to pay the appellee's lien. The proceeding against the house, as separate from the ground, and the sale and removal of the former in satisfaction of the mechanic's lien, in preference to the mortgage liens, are authorized by the express warrant of the statute. R. S. 1894, section 7256.

Appellants' counsel are in error when they assert that the court did not find that appellee had filed with the recorder, or that the recorder had received for record, the proper notice of the appellee of his intention to hold a lien. It was expressly found that, "on the 23d day of December, 1892, and less than sixty days after doing said work and furnishing said materials, the plaintiff filed in the office of the recorder of Marion county, a notice of his intention to hold a

lien upon the real estate described in finding No. 1, which notice was as follows, to-wit:" Then follows a copy of the notice. This was a sufficient finding upon the subject of the filing of the notice.

It also sufficiently appears that the complaint was filed within the time prescribed by the statute.

Judgment affirmed.

Filed May 26, 1896.