## GEORGE *v.* WILLIAMS.

[No. 16,556. Filed October 24, 1941.]

624

*Daily, Daily & Daily,* of Indianapolis, for appellant.

*Yockey & Yockey,* of Indianapolis, and *Guy Walter-mire,* of North Vernon, for appellee.

DeVoss, J.—On January 26, 1932, appellee filed his complaint in the Jennings Circuit Court in one paragraph to foreclose a mechanic's lien against the appellant and others, for labor done in the repair of buildings situated in Jennings county, Indiana, owned by appellant.

Summons was issued by the clerk of the Jennings Circuit Court for appellant, and delivered to the sheriff of Marion county, Indiana. The summons was returnable on March 7, 1932. On the 8th day of March, 1932, appellant herein, together with other defendants named, was called and defaulted, and said cause was submitted to the court, and the court found for appellee against appellant and found for other defendants. Upon this finding, the court rendered judgment against appellant

for appellee in the sum of $56.37, and ordered the premises described in the complaint sold and the money received therefrom applied to the payment of said judgment.

In January, 1934, appellant filed an original action in the Jennings Circuit Court to set aside said judgment, and said judgment was set aside on the 12th day of July, 1937. On said 12th day of July, 1937, upon request of plaintiff, the court ordered an alias summons for appellant in the instant case to the sheriff of Jennings county returnable October 11, 1937. Said alias summons was served by reading to and leaving a copy with appellant on the 17th day of July, 1937. Appellant entered a special appearance, pursuant to service of the alias summons, and filed a motion to quash and set aside said alias summons, which motion was by the court overruled, to which ruling of the court appellant excepted.

Thereafter on the 8th day of March, 1938, appellant filed her answer to appellee's complaint in four paragraphs. The first paragraph was in general denial; the second paragraph was a plea of payment; the third paragraph pleaded a set-off; and the fourth paragraph pleaded the statute of limitations. Appellee filed a demurrer to the third paragraph of answer, and a motion to strike out the fourth paragraph of said answer, which demurrer and motion were by the court sustained. Appellee also filed his reply in general denial to appellant's second paragraph of answer. Thereafter appellant filed her cross-complaint in said cause in one paragraph, which cross-complaint charged an indebtedness due from appellee to appellant, and prayed that such indebtedness be set off as to any amount found due appellee, and that she have judgment for any amount due her over and above appellee's claim.

Appellee filed a demurrer to said cross-complaint, which demurrer was by the court sustained, to which ruling appellant excepted.

The cause was submitted to the court for trial, and at the proper time appellant filed a request for special finding of facts and conclusions of law thereon, and pursuant thereto the court made and filed its special finding of facts, stated its conclusions of law thereon, and rendered judgment for appellee in the sum of $89.22, and ordered sale of the premises described in the complaint, and so much of the proceeds as necessary be applied to the payment thereof, and the remainder paid to the clerk of the Jennings Circuit Court for the benefit of appellant.

Appellant filed her motion for a new trial which was overruled by the court and this appeal followed.

The errors assigned in this court and relied upon for reversal are as follows: (1) Overruling of defendant's (appellant's) motion to quash and set aside the alias summons; (3) sustaining plaintiff's (appellee's) motion to strike out defendant's fourth paragraph of answer; (4) sustaining plaintiff's demurrer to defendant's plea of set-off; (6) overruling defendant's motion for a new trial.

The specific grounds for a new trial as set out in the motion therefor are as follows: (1) The decision of the court is not sustained by sufficient evidence; (2) the decision of the court is contrary to law.

The grounds contained in the motion to quash and set aside the alias summons for appellant are that, "the same was improvidently issued and wholly without authority of law and the court is without jurisdiction of the person of the defendant."

A copy of the original summons for appellant and the return of the sheriff thereon is not in the record,

but the record states that such summons was used as evidence and has been lost. Appellant states in her brief that, "it appeared from the return of the sheriff of Marion County that service was had on the defendant Louise Griewe George (Appellant) at her last and usual place of residence in Woodruff Place, although she had not lived there for many months." Upon this service and upon failure to appear, appellant was defaulted by the court, and a judgment rendered against her. This judgment was rendered on March 8, 1932. In January, 1934, the appellant filed her original action to set aside such judgment by default and the same was set aside in July, 1937.

The record does not contain a copy of the petition to set aside the original judgment, neither does it contain a copy of the judgment setting the same aside. The only information relative thereto is contained in the briefs of the parties hereto.

It is contended by appellant that the alias summons should have been set aside by the court for the reason that a final judgment had been entered in the cause and no litigation was pending between the parties at the time of the issuance of the alias summons.

We do not agree with this contention. While it is true that a judgment had been rendered in the cause, it appears further that the court set aside the judgment so rendered. The record does not disclose for what reasons it was set aside. The setting aside of this judgment did not dispose of the appellee's cause of action, but merely relieved appellant from the judgment rendered therein and said cause remained on the docket as undisposed of. See 15 R. C. L. Judgments, § 178, p. 724.

Section 2-802, Burns' 1933, provides: "A civil action shall be commenced by filing in the office of the clerk a

complaint, and causing a summons to issue thereon; and the action shall be deemed to be commenced from the time of issuing the summons; . . ."

Section 2-1905, Burns' 1933, provides: ". . . if at any time after the filing of the complaint, it shall be found that any party to the action has not been properly notified, the plaintiff may file with the clerk or indorse on the complaint a written request for such notice to be given, naming therein the day of the pending or subsequent term on which such party is required to appear to the action, and summons shall be issued or publication made accordingly in the proper case as above provided; . . ."

The record discloses that on the 12th day of July, 1937, the day upon which the judgment was set aside, the appellee requested the court for an order for an alias summons which was issued. This was the earliest date upon which an alias summons could issue, as prior to that time the judgment was in effect.

In the case of *Metropolitan Life Ins. Co.* v. *Armstrong* (1933), 96 Ind. App. 268, 271, 181 N. E. 292, this court said: "The suit was not begun by issuing the alias summons, but by filing the complaint and issuing the summons in the first instance."

The first summons issued in the instant case was issued upon the filing of the complaint, hence the issuance of the alias summons is also within the power of the court and the court did not err in overruling appellant's motion to set such alias summons aside.

It is next contended by appellant that the court erred in striking out appellant's 4th paragraph of answer.

By her 4th paragraph of answer, appellant, among other things, alleged, "that said cause of action is barred by the statute of limitations, which requires a complaint to be filed in the Circuit or Superior Court

of the County where the real estate on which the lien is sought to be foreclosed, is located, within one year from the time notice of said lien is filed, within the office of the recorder of the County where such real estate is situated."

The statute relating to enforcement of a mechanic's lien reads in part as follows: "43-705 (9835) **How enforced**—Any person having such lien may enforce the same by filing his complaint in the circuit or superior court of the county where the real estate or property on which the lien is so taken is situate, at any time within one [1] year from the time when said notice has been received for record by the recorder of the county; . . ."

In the case of *Rader* v. *A. J. Barrett Co.* (1915), 59 Ind. App. 27, 32, 108 N. E. 883, this court said: "The remedy invoked by appellees to enforce the collection of their claims is statutory and is in derogation of the common law, and he, who relies upon the statute, must, in order to be successful, bring himself within its provisions."

Under the 4th paragraph of answer, appellant would have been entitled to show that the original complaint had not been filed within a year from the time said notice of mechanic's lien had been received for record by the recorder of the county where the real estate involved was situated.

We are unable to see how appellant was harmed by the striking out of this paragraph of answer. In the case of *Rader* v. *A. J. Barrett Co., supra,* this court said: ". . . he, who relies upon the statute, must, in order to be successful, bring himself within its provisions." One of the provisions of the statute relating to the enforcement of mechanic's liens is that complaint therefor must be filed within one year

from the time when the notice of such lien had been received for record by the recorder of the county; and regardless of the plea of the statute of limitations, as plead by appellant, appellee was required to conform to the statute relative to such filing of his complaint; and the record discloses that the complaint was filed within one year from the time notice of the lien was received for record.

Appellant next contends that the court erred in sustaining appellee's demurrer to the defendant's answer of set-off.

Our statute relative to set-off reads as follows: "A set-off shall be allowed only in actions for money-demands upon contract, and must consist of matter arising out of debt, duty or contract, liquidated or not, held by the defendant at the time the suit was commenced, and matured at or before the time it is offered as a set-off." Section 2-1016, Burns' 1933.

It will be observed that the set-off must be held by defendant at the time the suit was commenced. The sum claimed to be due and charged as a set-off is $9.35, recovered as costs in the trial of cause No. 9146, which cause was filed after the instant case was commenced. This action having been commenced before the item charged as a set-off was created, it follows that the same did not constitute a set-off and there was no error in sustaining demurrer thereto.

Appellant further contends that appellee failed to prove appellant was the owner of the real estate set forth in the judgment and also failed to prove the reasonable value of the services performed in Jennings county.

There was some evidence introduced relative to these facts; and under the long established rule that this

court will not weigh the evidence, we do not deem it necessary to discuss the evidence at length.

Finding no reversible error in the record, the judgment is affirmed.

NOTE.—Reported in 37 N. E. (2d) 21.