**Earl B. LOCKRIDGE**

v.

**Clay T. BROCKMAN, Trustee in Bankruptcy for Donald E. Travis, Interstate Glass & Paint Company, Inc., and Midland Engineering Company, Inc.**

**Civ. No. 1968.**

United States District Court
N. D. Indiana, South Bend Division.

Jan. 16, 1956.

George N. Beamer, South Bend, Ind., for plaintiff.

Irving A. Hurwich, Robert E. Zimmerman, South Bend, Ind., for defendants.

PARKINSON, District Judge.

This is an action founded upon a bill of interpleader wherein the defendants have pleaded their respective claims to the funds in the sum of $831 paid into the registry of this court by the plaintiff.

Submission was to the court on an agreed stipulation of the facts and it is the cause on the merits which now solicits the decision of this court.

This opinion will be filed and as the findings of fact and conclusions of law appear therein it will serve as such.

The facts, as stipulated by the parties, are that Donald E. Travis, d/b/a Bronson Construction Company, constructed a filling station for the plaintiff in St. Joseph County, Indiana at a cost of $14,000 pursuant to a written contract and was paid therefor by the plaintiff with the exception of approximately $1,-100; that Interstate Glass and Paint Company, Inc. and Midland Engineering Company, Inc. furnished work, labor and materials going into said construction in the respective amounts of $495

and $336; that thereafter Donald E. Travis filed a petition in bankruptcy and Clay T. Brockman was appointed and qualified as trustee in bankruptcy and made demand on plaintiff for the balance due on the construction contract; that there was a dispute between the plaintiff and the trustee as to the amount due and as the result of negotiations they agreed on the amount of $938.79 as remaining unpaid but before payment was made to the trustee by the plaintiff Interstate and Midland served written notice on the plaintiff pursuant to Section 43–709, Burns' Indiana Statutes that they were holding plaintiff responsible for the payment of the sums due each of them and thereafter the plaintiff instituted this action, paid the sum of $107.79 to the trustee and the sum of $831, representing the amounts claimed by Interstate and Midland, into the registry of this court.

 The parties are in agreement, and we hold it to be the law, that in the absence of Section 43–709, Burns' the trustee is entitled to the $831. This section of the statute does nothing more than place those occupying the position of Interstate and Midland on the same footing with the contractor, Travis, and upon giving the statutory notice, conferred upon each of them the right of a personal action against the plaintiff for the amounts due each of them from Travis. Nash Engineering Co. v. Marcy Realty Corporation, Inc., 1944, 222 Ind. 396, 54 N.E.2d 263.

Under the law of Indiana, which of course is applicable here, there is no question but that the trustee in bankruptcy is entitled to the fund as against the claims of Interstate and Midland. Kulp v. Chamberlain, 1892, 4 Ind. App. 560, 31 N.E. 376.

We hold that by the serving of notice on the plaintiff under the statute after Travis was adjudged a bankrupt, Interstate and Midland could not acquire a superior claim and thereby obtain a preference over the other creditors of the bankrupt.

This court has heretofore held that it has the discretionary power under 54(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. to allow a reasonable fee for plaintiff's attorney in an interpleader action and we recognize that the plaintiff has a right to maintain this action for the purpose of ridding himself of vexation and expense of resisting adverse claims even though he believe that only one of them is meritorious, but if a plaintiff desires such relief and the protection of an order of adjudication of this court where the law is as clear as it is in this matter he will have to pay the cost incident thereto.

As to whether this court has the power to allow fees to the attorney for the trustee in this action we do not decide because proper allowance may be made in the bankruptcy proceedings.

It is, therefore, the judgment of this court that the defendant, Clay T. Brockman, trustee in bankruptcy for Donald E. Travis, is entitled to the $831 paid into the registry of this court by the plaintiff, and the clerk of this court is ordered to make draft accordingly.