VALLEY VIEW DEVELOPMENT CORP. *v.* CHEUGH & SCHLEGEL OF DAYTON, INC.

[No. 1271 A 257. Filed March 27, 1972. Rehearing denied April 28, 1972. Transfer denied November 20, 1972.]

*Ralph M. Lett,* of Mooresville, *Frank E. Spencer,* of Indianapolis for appellant.

*Owen S. Kern,* of Indianapolis, *Charles H. Foley,* of Martinsville, for appellee.

LOWDERMILK, J.—This case comes to us after being tried to the court without the intervention of a jury, on the foreclosure of a mechanic's lien against the defendant-appellant and a judgment thereon in favor of the plaintiff-appellee.

The facts most favorable to the plaintiff-appellee, Cheugh & Schlegel, are that the Valley View Development Corporation entered into a contract with the Rochon Engineering Company for the construction of a building at the Mooresville Shopping Center, located in Morgan County, and which shopping center was owned by the defendant-appellant. Pursuant to said contract, the Rochon Engineering Company ordered certain steel products for use in the main building of the shopping center from the plaintiff-appellee, Cheugh & Schlegel of Dayton, Inc. The total amount invoiced to the Rochon Engineering Company for the steel products ordered for and delivered to the Mooresville Shopping Center was $18,278.00. The amount of $7,178.44 was accepted as partial payment from the Rochon

Engineering Company, leaving an amount due and owing from that company to the plaintiff of $11,099.56. The last shipment of materials from the plaintiff to Mooresville Shopping Center arrived at said shopping center on the 4th day of November, 1968, and was partially used by the defendant.

Cheugh & Schlegel recorded a notice of mechanic's lien with the Recorder of Morgan County, Indiana, on the 26th day of December, 1968. This notice of mechanic's lien reflected a description of the Mooresville Shopping Center, and was directed to the defendant, Valley View Development Corporation. It had been sworn to and signed in the presence of a Notary Public on the 23rd day of December, 1968. A copy of the plaintiff's notice of mechanic's lien was mailed to the defendant, Valley View Development Corporation, in care of the President, Charles Amy, Indianapolis, Indiana, on December 30, 1968, by the Recorder of Morgan County, Indiana. Plaintiff filed its complaint to foreclose the mechanic's lien against the defendant, Valley View Development Corporation, on the 18th day of December, 1969.

Summons was subsequently issued by the Morgan County Circuit Clerk on February 11, 1970. Service was had on the defendant, Valley View Development Corporation, on the 16th day of February, 1970.

The defendant-appellant sets out its motion to correct alleged errors, of which we shall here only set out number 3, for the reason that the trial court's findings and judgment was erroneous as to said specification 3 of the motion to correct errors.

Specification 3 is in the words as follows, to-wit:

"3. The suit to foreclose the lien will not lie because the record shows that the Clerk received the complaint filed marked December 18, 1969, but summons was not issued until February 11, 1970, approximately two months past the limit allowed by the statute (notice of mechanics lien filed with Recorder of Morgan County on December 26, 1968, the lien expired one year after that date, since the action to foreclose the lien had not yet been commenced.)"

Defendant-appellant therewith filed a memorandum in support of the motion to correct errors. The motion to correct errors and much of the memorandum in support thereof is set out in the defendant-appellant's brief.

Valley View cites as authority for support of this contention Burns 1967 Replacement § 2-619, Burns 1967 Replacement § 2-622, and Burns 1967 Replacement § 2-802. Said statutes each reads, in part, as follows, to-wit:

"2-619. Expiration of mechanic's liens.—The lien of all mechanic's liens filed under the laws of this state shall cease and expire one [1] year from the time the debt secured thereby becomes due, as shown by the record of the notice of the lien. . . ."

"2-622. Action before expiration.—In case an action shall be begun in the courts of this state to foreclose or enforce the lien of any mortgage or other lien mentioned in this act [§§ 2-618, 2-619, 2-621, 2-622] before the expiration of the lien thereof, as herein provided, *such lien may be enforced in such action as it existed at the time the action was commenced.*" (Our emphasis.)

"2-802. Filing complaint-Summons.—A civil action shall be commenced by filing in the office of the clerk a complaint, and causing a summons to issue thereon; and the action shall be deemed to be commenced from the time of issuing the summons; . . ."

Defendant-appellant Valley View further states action to foreclose the lien asserted by the plaintiff-appellee will not lie because the lien, if any, had expired before the action was commenced, pursuant to said Burns §§ 2-619 and 2-622. The record shows that the Clerk received the complaint on December 18, 1969, with a praecipe for summons returnable January 3, 1970, but the summons was not issued until February 11, 1970. The notice of mechanic's lien had been filed with the Recorder of Morgan County on December 26, 1968, after which timely notice of the filing was sent to the defendant-appellant by said County Recorder and since no summons had been issued by December 26, 1969, no action had commenced, pursuant to Burns § 2-802, *supra,* and the lien had expired.

Plaintiff-appellee counters such argument and statutes with Burns 1965 Replacement § 43-705, which reads as follows, to-wit:

> "43-705. How enforced-Filing-Foreclosure and Sale.— Any person having such lien may *enforce the same by filing his complaint* in the circuit or superior court of the county where the real estate or property on which the lien is so taken is situated, at any time within one [1] year from the time when said notice has been received for record by the recorder of the county; or, if a credit be given, from the expiration of the credit, *and if said lien shall not be enforced within the time prescribed by this section, the same shall be null and void; . . ."* (Our emphasis.)

Plaintiff-appellee relies on the case of *Moore-Mansfield, etc., Co.* v. *Indianapolis, etc., R. Co.* (1913), 179 Ind. 356, 101 N. E. 296, which is hereinafter discussed.

Previously, when considering this same question, this court, in the case of *Carriger et al.* v. *Mackey* (1896), 15 Ind. App. 392, 44 N. E. 266, stated:

> "The objection urged to the complaint is that it fails to show that the action was brought within the time limited by law.
>
> "The statute requires that '*the complaint shall be filed*' in the circuit or superior court, within one year from the time when the notice was received for record in the recorder's office. . . . The appellants' counsel misapprehend the language of the statute. It does not require the action to be *commenced* within a year from the receipt of the notice in the recorder's office, but, as we have shown, it provides that the complaint shall be filed within that time. . . . We are aware that an action is not properly commenced until a summons has been issued and placed in the hands of the officer for service. . . . *Charlestown School Tp.* v. *Hay,* 74 Ind. 127. As the language of the statute does not require that the action must be commenced within a year from the receipt of the notice, the objection pointed out to the complaint is not well taken. Nor is there any merit in the contention that the complaint is fatally defective because it fails to show when the notice to hold a lien was received in the recorder's office. . . . The complaint is sufficient to withstand the assignment of error."

We are aware that *Carriger et al.* v. *Mackey*, which was relied upon in the *Moore-Mansfield* case, *supra*, was written and decided before the statute relied upon by the defendant-appellant was enacted. However, from this reading of the *Carriger* case, it is quite apparent that the statute was similar to the statute in force today, namely, § 43-705, *supra*.

*Carriger, et al.* v. *Mackey, supra*, was written prior to the enactment of Burns § 2-619; 2-622, *supra*, and the case of *Moore-Mansfield, etc. Co., supra*, was written after the enactment of Burns § 2-619 and 2-622; however a reading of *Moore-Mansfield, etc. Co., supra*, indicates the court relied heavily on the *Carriger* case for its authority in its opinion.

A very intense study of the *Moore-Mansfield* case indicates strongly to this court that the application of Burns § 2-619 and 2-622 and 2-802 was never questioned by either of the parties and said statutes were consequently never taken into consideration by the court in arriving at its opinion in the *Moore* case but that the court based its opinion on the *Carriger* case which appeared to have been based on completely different statutes on the subject.

However, in the *Moore* case the construction work was finished on November 28, 1907 and on November 29, 1907, Moore-Mansfield filed in the proper offices notice of intention to hold a mechanic's lien on the railway property.

Thereafter, on November 28, 1908, Moore-Mansfield filed its complaint in Superior Court, Room 1, to enforce its lien and prayed for the foreclosure of the lien and sale of the railway property for satisfaction of the same.

The opinion is silent as to when, if ever, a summons was issued, on whom it may have been served, and if the same was returned by the sheriff.

Without disclosing in the opinion anything as to the summons, as heretofore stated, the court then wrote as follows:

"In ordinary cases, an action is not commenced until a complaint shall have been filed, and a summons issued and

placed in the proper officer's hands for service. However, in *Carriger v. Mackey* (1896), 15 Ind. App. 392, 44 N. E. 266, it was held that if the complaint, in a mechanic's lien case, 'shall be filed' in one year from the time of receiving the notice for record in the recorder's office, the same is sufficient. . . . We do not feel inclined to overrule *Carriger* v. *Mackey, supra.*"

It must be remembered that the complaint in the *Moore-Mansfield* case was filed in 1908 and, therefore, was tried under the laws applicable thereto prior to the enactment of the 1909 statutes. Therefore, the case of *Carriger* v. *Mackey, supra,* was not overruled in 1913 by the *Moore-Mansfield* case under the authority of the 1909 Acts, heretofore set out in this opinion, as such Acts had not been enacted by the General Assembly and promulgated by the Secretary of State at the time of the filing of the suit for foreclosure in *Moore-Mansfield* in 1908.

Such being the case, *Moore-Mansfield, etc. Co. v. Indianapolis, etc. R. Co., supra,* and *Carriger, et al.* v. *Mackey, supra,* are not in point and do not govern in the case at bar.

After a review of all cases cited in the briefs of the parties, together with further research of our own, we have been unable to find where the question now directly presented to us has ever been answered by this or our Supreme Court. We are, however, helped in reaching our decision by certain cases hereinafter discussed.

In the case of *George* v. *Williams* (1941), 109 Ind. App. 623, 37 N. E. 2d 21, which was an action commenced on January 26, 1932, wherein the appellee filed his complaint in one paragraph to foreclose a mechanic's lien against the appellant and others for labor done in the repair of buildings situated in Jennings County, Indiana, owned by appellant, summons was issued by the Clerk of the Jennings Circuit Court for appellant and delivered to the Sheriff of Marion County, Indiana. The summons was returnable on March 7, 1932, and the appellant, with others, was called and de-

fault on the 8th day of March, 1932, and said cause was submitted to the court, which found for the appellee and all defendants except the appellant herein. Judgment was entered on the finding, and the premises described in the complaint were ordered sold and the money received therefrom applied to the payment of said judgment.

In January, 1934, appellant filed an original action in the same court to set the judgment aside and the same was done on the 12th day of July, 1937. On that date a request for alias summons was granted to the Sheriff of Jennings County, returnable October 11, 1937. Said alias summons was served by reading to and leaving a copy with the appellant on the 17th day of July, 1937. Appellant entered a special appearance, pursuant to service of the alias summons and filed a motion to quash and set aside the alias summons, which motion was by the court overruled and to which appellant excepted.

This second case resulted in the court rendering judgment for appellee and ordering the sale of the premises described in the complaint and directing the application of the proceeds of sale to payment of the judgment.

This court held that although a judgment had been rendered in the cause the court set the judgment aside and that the setting aside of this judgment did not dispose of appellee's cause of action but merely relieved appellant from the judgment rendered therein and said cause remained on the docket as undisposed of.

The court as its authority for such ruling cited § 2-1905, Burns 1933, which provides:

" '. . . if at any time after the filing of the complaint, it shall be found that any party to the action has not been properly notified, the plaintiff may file with the clerk or indorse on the complaint a written request for such notice to be given, naming therein the day of the pending or subsequent term on which such party is required to appear to the action, and summons shall be issued or publication made accordingly in the proper case as above provided; . . .' "

The court further cited as authority for its action in *George* v. *Williams* the case of *Metropolitan Life Ins. Co.* v. *Armstrong* (1933), 96 Ind. App. 286, 271, 181 N. E. 292, wherein this court said:

> " 'The suit was not begun by issuing the alias summons, but by filing the complaint and issuing the summons in the first instance.' "

This court has made a study of the *Metropolitan Life* case, *supra,* in which, unfortunately, the writing judge did not set forth any of the facts of the case as to its nature and result in the trial court and it would have been much more helpful to this court and to attorneys in the practice in Indiana to have had some facts about the case set out to guide the courts and the lawyers in passing on legal questions and determining the law in other cases.

However, the writing judge was not required to go further than he did and it is conceded he did his duty in his opinion which resulted in his holding:

> "If alias process is issued, it has been held that the action is commenced from the issuance of the first process. *St. Louis A. & T. R. R.* v. *Shelton* (1893), 57 Ark. 459, 21 S. W. 876. The suit was not begun by issuing the alias summons, but by filing the complaint and issuing the summons in the first instance. The first summons was issued within the period of limitations prescribed for such suits. The cause was therefore not barred. [Citing many cases from divers states.]"

This court, speaking further, in *George* v. *Williams, supra,* said:

> *"The first summons issued in the instant case was issued upon the filing of the complaint,* hence the issuance of the alias summons is also within the power of the court and the court did not err in overruling appellant's motion to set such alias summons aside.
>
> "It is next contended by appellant that the court erred in striking out appellant's 4th paragraph of answer.

"By her 4th paragraph of answer, appellant, among other things, alleged, 'that said cause of action is barred by the statute of limitations, which requires a complaint to be filed in the Circuit or Superior Court of the County where the real estate on which the lien is sought to be foreclosed, is located, within one year from the time notice of said lien is filed, within the office of the recorder of the County where such real estate is situated.'

"The statute relating to enforcement of a mechanic's lien reads in part as follows: '43-705 (9835) How enforced—Any person having such lien may enforce the same by filing his complaint in the circuit or superior court of the county where the real estate or property on which the lien is so taken is situated, at any time within one [1] year from the time when said notice has been received for record by the recorder of the county; . . .'

"In the case of *Rader* v. *A. J. Barrett Co.* (1915), 59 Ind. App. 27, 32, 108 N. E. 883, this court said: 'The remedy invoked by appellees to enforce the collection of their claims is statutory and is in derogation of the common law, and he, who relies upon the statute, must, in order to be successful, bring himself within its provisions.'

"Under the 4th paragraph of answer, appellant would have been entitled to show that the original complaint had not been filed within a year from the time said notice of mechanic's lien had been received for record by the recorder of the county where the real estate involved was situated.

"We are unable to see how appellant was harmed by the striking out of this paragraph of answer. In the case of *Rader* v. *A. J. Barrett Co., supra*, this court said: '. . . he, who relies upon the statute, must, in order to be successful, bring himself within its provisions.' *One of the provisions of the statute relating to the enforcement of mechanic's liens is that complaint therefor must be filed within one year from the time when the notice of such lien had been received for record by the recorder of the county; and regardless of the plea of the statute of limitations, as plead by appellant, appellee was required to conform to the statute relative to such filing of his complaint; and the record discloses that the complaint was filed within one year from the time notice of the lien was received for record.*" (Our emphasis.)

It is especially noted in *George* v. *Williams* that the court went on to affirm the trial court and refused appellant's

contention that the statute of limitations had run. However, in the *George* v. *Williams* case, the summons had been issued at the time the complaint was filed. Such is not the fact in the case at bar, for the summons was not issued until some two months after the complaint was filed and the statute of limitations had run December 26, 1969.

We are of the further opinion that the 1909 Acts with amendments referred to and under which the case of *George* v. *Williams, supra,* was determined, are now binding on this court and that the foreclosure of mechanic's liens should be commenced as other suits; that is, that a complaint must be filed and a summons issue thereon to commence the action. This procedure and the law has again been changed by our new Supreme Court Rules effective January 1, 1970. See Rule TR. 3, *infra.*

We have as further authority that an action will be commenced after the issuance of a summons upon the filing of a complaint in the case of *State ex rel. Chronowski* v. *Lake C. C., etc., et al.* (1958), 238 Ind. 471, 152 N. E. 2d 676. The *Chronowski* case is an election recount case and, therefore, not directly in point. However, we use the language in the same for the proposition stated by Chief Justice Arterburn when he stated:

> "It is true that a civil action can be commenced *only* by the filing of a complaint and 'causing a summons to issue thereon.' (Burns' § 2-802.)" (Our emphasis.)

Justice Arterburn went on to hold that Burns § 2-802 was not controlling in an election recount case because the statute which provided for the recount did not state that the action should be commenced within a fifteen day period, nor did it state that notice should be issued within such period. Even with these limitations, we still feel that the general tenor of the case emphasizes that all civil cases unless specifically provided for otherwise, will be commenced only by the issuing of a summons upon the filing of a complaint.

The case at bar is controlled by the old rules of the Supreme Court and not the new rules, which became effective January 1, 1970, and in which, under Rule TR. 3, it is provided:

"A civil action is commenced by filing a complaint with the court . . ."

We are aware of Burns § 2-802 and of the conflict in the statutes relating to mechanic's liens and foreclosure thereof, as evidenced by Burns §§ 43-705, 2-619, and 2-622, as previously herein set out, all three of which were enacted in 1909.

It is now this court's duty to determine the legislative intent which has been confused by the enactment of Burns §§ 43-705, 2-619 and 2-622, all enacted in the year of 1909.

In determining the legislative intent we look to the case of *Curless* v. *Watson* (1913), 54 Ind. App. 110, 100 N. E. 576, for our direction and guidance. Said case reads, in part, as follows:

". . . In cases where different sections of the same act or different provisions of the same section are in irreconcilable conflict, the court should look to the entire act and to the history of the legislation on the subject for the purpose of determining the intent of the legislature. If the legislative intent can be thus ascertained, resort can not be had to the relative positions of the contradictory expressions of the act; but, if the intent cannot be otherwise ascertained, the section or expression occupying the latest position in the act will control. *Gibbons* v. *Brittenum* (1878), 56 [Miss. 232."

In order to better inform ourselves as to whether there was or was not any specific reason that our legislature may have intended that a suit to foreclose a mortgage lien on real estate or a machanic's lien on real estate should be changed from the well established law that an action was commenced when the complaint was filed with the clerk and a summons was issued thereon to permit the commencement of the action by the mere filing of a complaint in the proper clerk's office,

we have gone to the Legislative Journals. In the Legislative Journals covering this problem we have been unable to find any information which would enlighten us on the issue herein raised.

At page 334 of the Acts of 1909, Ch. 137, Senate Bill No. 221 was approved March 6, 1909. This bill covered the lien of mortgages on real estate and the period of time it existed before expiration thereof and provided that no action should be brought or maintained to foreclose the lien of such mortgage after twenty years from the date of such mortgage.

Said Act provided that no action shall be brought in Indiana to foreclose or enforce the lien of any mechanic's lien filed under Indiana law when the debt as secured by such lien as shown by the record thereof, has been due more than one year. The Act provided further that if the record of such lien did not show when the debt thereby secured became due, then no action to enforce the lien of such mechanic's lien shall be brought in the courts of Indiana within one year from the date of notice of filing of such lien.

It was further provided by said Act that the lien of a mechanic's lien filed under the Act shall cease and expire one year from the time the debt secured thereby becomes due, as shown by the record of the notice of the lien. If the record of any notice of mechanic's lien does not show when the debt thereby secured becomes due, then the lien of any such mechanic's lien filed under the laws of this state shall cease and expire one year after the date of the filing of the notice of such lien.

The Act itself provided for street assessment liens, the period of time before the lien expires and the method of foreclosing the same.

It must be noted and remembered that there is nothing under said Act to alter the commencement of the action for foreclosure of any of said described liens from the accepted method of the commencement of a suit as heretofore set out.

We further rely on the case of *George* v. *Williams, supra,* wherein it is stated:

". . . 'The remedy invoked by appellees to enforce the collection of their claims is statutory and is in derogation of the common law, and he, who relies upon the statute, must, in order to be successful, bring himself within its provisions.' "

A strict construction of the statute and the legislative intent is that the mechanic's lien statute, being in derogation of common law should, when there is any question, be interpreted most favorably toward the landowner and against the lienholder. Such a construction results in the determination that a summons must be issued at the same time the action is filed in order that the action be commenced and will toll the statute of limitations on the lien.

The plaintiff-appellee having failed to have summons issued and placed in the hands of the Sheriff of Marion County, Indiana, that being the residence of the defendant-appellant, at the time of the filing of the complaint, or at any time before December 26, 1969, that being the expiration date of plaintiff-appellee's lien, failed to come within the purview of the statute. The statute was not tolled on or before the expiration of one year from the date of filing of notice of mechanic's lien and consequently plaintiff-appellee's lien was nullified and could not be enforced and foreclosed.

We have determined, as heretofore stated, that specification 3 of the motion to correct errors is well taken and the trial court committed reversible error. The rule is well settled that when a court of appeals reverses an action on one specification of error it is not necessary to pass on any other of the assigned errors.

Judgment reversed.

Robertson, P.J., Lybrook, J., concur.

NOTE.—Reported in 280 N. E. 2d 319.